JOURNAL ENTRY AND OPINION
{¶ 1} Pro se plaintiff — appellant Juan F. Moore appeals the judgment of the Cuyahoga County Common Pleas Court that granted a motion to dismiss filed by defendant-appellee William Mason, Prosecutor ("Prosecutor"), on appellant's complaint for declaratory judgment.
 {¶ 2} We glean from the judgment entries attached to appellant's complaint that a multi-count indictment was filed against appellant in the Cuyahoga County Common Pleas Court in a case captioned State of Ohiov. Juan F. Moore. The case was assigned case number CR-399223. In February 2001, appellant entered guilty pleas to, and was found guilty of, two of the offenses in this indictment; namely, abduction, in violation of R.C. 2905.02, and felonious assault, in violation of R.C.2903.11. The remaining charges were nolled. In March 2001, the court sentenced appellant to concurrent terms of three years and five years, respectively, for these offenses. No appeal was taken from this judgment, nor does the record reflect that appellant filed a petition for post-conviction relief under R.C. 2953.21.
 {¶ 3} More than three years later, in April 2004, appellant filed the within action for declaratory judgment. Succinctly, appellant sought a declaration that the sentence imposed in Case No. CR-399223 was both void and unenforceable and violative of his due process rights because the trial court failed to comply with the statutory sentencing scheme set forth in R.C. Chapter 2929.
 {¶ 4} The Prosecutor thereafter filed a pre-answer motion to dismiss pursuant to Civ.R. 12(B)(1) and (6), arguing that appellant could not collaterally attack his sentence by way of declaratory judgment. Appellant moved for a default judgment. The court eventually granted the motion to dismiss, denied appellant's motion for default judgment and dismissed appellant's complaint.
 {¶ 5} Appellant is now before this court and assigns two errors for our review.
 I. {¶ 6} In his first assignment of error, appellant contends that the trial court erred when it dismissed his complaint. He argues he was entitled to a judgment by default under Civ.R. 55 when the Prosecutor failed to answer his complaint.
 {¶ 7} It is true that Civ.R. 55 provides for a default judgment when a defendant "has failed to plead or otherwise defend as provided by these rules * * *." The Prosecutor, however, filed a pre-answer motion to dismiss under Civ.R. 12, which motion constitutes a defense of the action precluding judgment by default. Indeed, Civ.R. 12(B) provides that the defenses of lack of subject-matter jurisdiction and failure to state a claim upon which relief can granted are defenses that may be made by motion. If the court thereafter denies a motion made under Civ.R. 12(B), the party then has 14 days within which to file an answer. Because the court granted the motion to dismiss and thereafter dismissed the complaint with prejudice, the Prosecutor was not required to submit an answer to appellant's complaint.
 {¶ 8} Consequently, appellant was not entitled to a default judgment. Appellant's first assignment of error is not well taken and is overruled.
 II. {¶ 9} In his second assignment of error, appellant directly challenges the sentence imposed in Case No. CR-399223. In essence, he argues that he is entitled to a declaration that his sentence is void and unenforceable because the trial court stated in its sentencing entry merely that it "considered all the required factors of the law" when it should have articulated specific findings. In the interests of justice, we will construe this assigned error as one challenging the trial court's decision granting the Prosecutor's motion to dismiss appellant's complaint for declaratory judgment.
 {¶ 10} When reviewing a judgment on a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted, an appellate court's standard of review is de novo. Perrysburg v. Rossford,103 Ohio St.3d 79, 2004-Ohio-4362, at ¶ 5. In order for a complaint to be dismissed under Civ.R. 12(B)(6), it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling that party to relief. O'Brien v. Univ. Community Tenants Union, Inc. (1975),42 Ohio St.2d 242, syllabus. In construing the complaint, a court must presume all factual allegations contained in the complaint to be true and make all reasonable inferences in favor of the non-moving party. Mitchellv. Lawson Milk Co. (1988), 40 Ohio St.3d 190, 192. "As long as there is a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss." York v. Ohio State Hwy. Patrol (1991),60 Ohio St.3d 143, 145.
 {¶ 11} In this case, appellant sought declaratory relief under R.C.2721.03, which provides, in relevant part:
 {¶ 12} "* * * [A]ny person whose rights, status, or other legal relations are affected by a * * * statute * * * may have determined any question of construction or validity arising under the * * * statute * * * and obtain a declaration of rights, status, or other legal relations under it."
 {¶ 13} In determining whether a party is entitled to declaratory relief, it must be demonstrated that (1) a real controversy exists between the parties; (2) the controversy is justiciable in character; and (3) the situation requires speedy relief to preserve the rights of the parties. Burger Brewing Co. v. Liquor Control Comm. (1973),34 Ohio St.2d 93, 97; see, also, Buckeye Quality Care Centers, Inc. v.Fletcher (1988), 48 Ohio App.3d 150, 154. Succinctly, it must be demonstrated that there is a controversy "between parties having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Peltz v. South Euclid (1967),11 Ohio St.2d 128, 131; see, also, Wagner v. Cleveland (1988),62 Ohio App.3d 8, 13.
 {¶ 14} A declaratory judgment action, however, cannot be used as a substitute for an appeal or as a collateral attack upon a conviction. Declaratory relief "does not provide a means whereby previous judgments by state or federal courts may be reexamined, nor is it a substitute for appeal or post conviction remedies." Shannon v. Sequeechi (C.A.10, 1966),365 F.2d 827, 829. A declaratory judgment action is simply not part of the criminal appellate process. State v. Brooks (1999),133 Ohio App.3d 521, 525.
 {¶ 15} "Neither [R.C. 2701.02] nor Civ.R. 57 convert[s] a claimed error at law by a trial judge acting as a judge in a criminal case into a justiciable controversy between the defendant and the judge subject to resolution by declaration * * *." Id., quoting Carter v. Walters (Mar. 22, 1990), 3rd Dist. No. 11-88-24, 1990 Ohio App. Lexis 1214.
 {¶ 16} Here, appellant seeks a declaration that the sentence imposed in Case No. 399223 is unenforceable because specific findings under R.C. Chapter 2929 were not journalized in the court's sentencing entry. This is not a justiciable controversy capable of resolution by declaration under R.C. Chapter 2721. On the contrary, it is an argument properly raised by appeal, direct or delayed. The time for direct appeal under App.R. 4(A) having expired, appellant may have recourse under App.R. 5(A) by seeking leave for a delayed appeal. Relief by way of declaration under R.C. Chapter 2721, however, is not appropriate.
 {¶ 17} Because appellant's complaint sought relief which the court could not grant, it was not error for the court to grant the Prosecutor's motion to dismiss under Civ.R. 12(B)(6). Appellant's second assignment of error is not well taken and is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Karpinski, P.J., and Kilbane, J., concur.