NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 15-1504
_____

LINDA S. ANDREWS,

Appellant

v.

KATHRYN M. HENS-GRECO,
individually and in her official capacity as a
judge of the Court of Common Pleas of
Allegheny County Family Division

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
(D.C. Civil Action No. 2-14-cv-00441)
District Judge: Honorable Mark R. Hornak

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
January 21, 2016

_____

Before: JORDAN, HARDIMAN and GREENAWAY, JR., *Circuit Judges*.

(Filed:  January 22, 2016)

—————

OPINION*

—————

GREENAWAY, JR., *Circuit Judge*.

Pro se appellant Linda Andrews appeals the District Court's judgment dismissing her complaint against Pennsylvania Court of Common Pleas Judge Kathryn Hens-Greco. For the following reasons, we will affirm the District Court's judgment.

I.   **Background**[1]

Andrews had been appointed by judges of the Allegheny County Court of Common Pleas Family Division (the "Family Court") to serve as an educational and medical guardian for dependent children in various cases. Prior to 2011, a guardian received remuneration from Allegheny County for her services by submitting a Petition for Payment of Fees ("Petition")[2] to the judge who had appointed her as a guardian. A Petition consists of, inter alia, a list of services with corresponding fees and a proposed

—————————————

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] As this matter is before us at the motion to dismiss stage, the following facts, which are taken from the allegations in the plaintiff's complaint and attached exhibits, are set forth as if true.

[2] The parties appear to use the terms "invoice" and "Petition" interchangeably and so, absent any indication that the parties intend to refer to different items, we will use the term "Petition".

court order directing the Controller of Allegheny County to issue a warrant for the fee total. After reviewing a submitted Petition, the appointing judge would sign the Petition and Allegheny County would remit payment to the guardian.

Upon becoming the Presiding Administrative Judge of the Family Court, Judge Hens-Greco required all guardians to submit outstanding Petitions to her by August 30, 2011. Andrews was informed of this new requirement in a letter dated May 18, 2011. Andrews submitted all relevant Petitions to Judge Hens-Greco by the deadline.

Subsequently, Andrews was told by a Family Court administrator that five of her Petitions required corrections and had not been processed. Andrews corrected the errors in the five Petitions and re-submitted them in accordance with the Family Court administrator's instructions. On April 3, 2012, Andrews received a letter from Judge Hens-Greco informing her that the Petitions would not be paid because they were submitted well beyond the August 30, 2011 deadline.

Andrews filed a pro se complaint against Judge Hens-Greco in the present action on April 7, 2014. Andrews alleged violations of the Fourteenth Amendment's Equal Protection and Due Process clauses and of the Individuals with Disabilities Education Act ("IDEA"). She sought the return of her "[P]etition property" or "compensation for its destruction." J.A. 27. In addition, Andrews alleged that she had outstanding Petitions that she had not yet submitted because Judge Hens-Greco's April 3, 2012 letter had "put a chilling effect" on her "right to be paid for her services." J.A. 26. Accordingly, Andrews sought a "declaratory judgment" to establish that Judge Hens-Greco's April 3,

3

2012 letter was "null and void." J.A. 26.

On May 19, 2014, Judge Hens-Greco filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim upon which relief can be granted. Judge Hens-Greco argued that the doctrine of absolute judicial immunity and the Eleventh Amendment barred Andrews's claims. She also argued that declaratory relief was unavailable because Andrews's complaint did not sufficiently allege a substantial likelihood of future injury.

The matter was referred to a Magistrate Judge who issued a Report and Recommendation ("R&R") on December 22, 2014 agreeing with Judge Hens-Greco's arguments and recommending dismissal of the complaint. The Magistrate Judge recommended that the complaint be dismissed with prejudice because amendment would be futile. The District Court adopted the Magistrate Judge's R&R and, on January 27, 2015, dismissed Andrews's complaint with prejudice.[3] This appeal followed.

## II.    Jurisdiction and Standard of Review

The District Court had jurisdiction pursuant to 28 U.S.C. § 1331. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. Our review over a district court's grant of a motion to dismiss is plenary. *Santiago v. Warminster Twp.*, 629 F.3d 121, 128

---

[3] We find no merit in Andrews's contention that the District Court should have treated Judge Hens-Greco's motion to dismiss as a motion for summary judgment.

4

(3d Cir. 2010). We "accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of" the plaintiff. *Bohus v. Restaurant.com, Inc.*, 784 F.3d 918, 921 n.1 (3d Cir. 2015). In order to survive a motion to dismiss, the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010) (internal quotation marks omitted) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In our review, we may also consider the content of exhibits attached to the complaint. *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014).

### III.   Analysis

Andrews's pro se complaint is unclear as to the specific type of relief she seeks. As such, we will liberally construe the complaint to bring claims against Judge Hens-Greco for money damages and injunctive and declaratory relief. *See Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003). We address each type of relief in turn.

#### A. *Money Damages*

Under the doctrine of absolute judicial immunity, a judge is generally immune from suit in his or her individual capacity for money damages. *See Figueroa v. Blackburn*, 208 F.3d 435, 440 (3d Cir. 2000). The doctrine of absolute judicial immunity is "founded upon the premise that a judge, in performing his or her judicial duties, should be free to act upon his or her convictions" without the threat of suit. *Id.* The immunity is only lost where the judge's actions that gave rise to suit were: (1) nonjudicial in nature;

5

or (2) were "taken in the complete absence of all jurisdiction." *Gallas v. Supreme Court of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000) (internal quotation marks omitted) (quoting *Mireles v. Waco*, 502 U.S. 9, 12 (1991)). Neither exception to judicial immunity applies in this case.

Judge Hens-Greco's decision to deny Andrews's Petitions was judicial in nature.[4] The decision about whether to approve or deny a petition for fees submitted to a court is one that is "normally performed by a judge." *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). And Andrews undeniably "dealt with the judge in [her] judicial capacity" when she submitted the Petitions for approval. *Id.* The fact that Judge Hens-Greco's determination took place outside of the court's docket, without a hearing, and potentially without the possibility of appeal does not change the judicial character of the act. *See id.* at 360–63 & 363 n.12 (concluding that the approval of a petition was a judicial act even though it was made without a docket number, hearing, or possibility of appeal); *Gallas*, 211 F.3d at 770.

Andrews argues that Judge Hens-Greco acted in the absence of all jurisdiction because, in denying Andrews's Petitions herself, Judge Hens-Greco departed from the Family Court's prior practice of having appointing judges review Petitions. Yet Andrews

---

[4] Andrews argues that the act giving rise to her suit is Judge Hens-Greco's writing of the April 3, 2012 letter, which informed Andrews that her Petitions would not be paid. However, we do not view the writing of the April 3 letter as the act that aggrieves Andrews. The act that truly underlies Andrews's suit is Judge Hens-Greco's denial of her Petitions. The April 3 letter merely informed Andrews of Judge Hens-Greco's decision to deny the Petitions.

has "not pointed to any rule or other authority indicating that [Judge Hens-Greco] did not have the authority" to deny Andrews's Petitions. *Gallas*, 211 F.3d at 771. Even if Andrews did point us to such a rule, the Family Court clearly had jurisdiction over Andrews's Petitions and thus Judge Hens-Greco, as a judge of the Family Court, did not act in the absence of all jurisdiction in denying the Petitions. *See Gallas*, 211 F.3d at 771 ("[A] judge does not act in the clear absence of all jurisdiction when the judge enters an order at least colorably within the jurisdiction of her court.").

We therefore hold that Judge Hens-Greco is entitled to absolute judicial immunity from Andrews's individual capacity claim for money damages.

Nor may Andrews bring a claim for money damages against Judge Hens-Greco in her official capacity. Because Judge Hens-Greco serves on the Family Court, the real party in interest to Andrews's official capacity claim is the Family Court itself. *See Jones v. Lilly*, 37 F.3d 964, 966 (3d Cir. 1994) ("[T]he real party in interest in an official capacity suit is not the individual but rather the entity of which the officer is an agent."). Eleventh Amendment immunity extends to the Pennsylvania state courts because they are entities of the state of Pennsylvania. *See Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 238−41 (3d Cir. 2005). Thus, Eleventh Amendment immunity applies to bar an official capacity claim for money damages against Judge Hens-Greco.

### B. Injunctive and Declaratory Relief

Neither absolute judicial immunity nor the Eleventh Amendment bar claims seeking prospective injunctive or declaratory relief against a state official. *See Larsen v.*

7

*Senate of Pa.*, 152 F.3d 240, 249 (3d Cir. 1998); *Wheeling & Lake Erie Ry. Co. v. Pub. Util. Comm'n of Pa.*, 141 F.3d 88, 91 (3d Cir. 1998).  However, Andrews's complaint focuses primarily on Petitions that she has already submitted for payment and that have already been denied.  *See Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698 (3d Cir. 1996) (concluding that relief sought is not prospective where "specific allegations target past conduct, and the . . . remedy [sought] is not intended to halt a present, continuing violation of federal law").  Any injunctive or declaratory relief with respect to these Petitions would be solely retrospective in nature.

To the extent that Andrews seeks relief with respect to outstanding and future Petitions, in order to satisfy Article III's standing requirement, Andrews must "establish a real and immediate threat" that she would again be subject to the allegedly unconstitutional denial of her Petitions.  *Brown v. Fauver*, 819 F.2d 395, 400 (3d Cir. 1987) (internal quotation marks omitted) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983)).  Andrews alleges that Judge Hens-Greco's April 3, 2012 letter informing her of the denial of her past Petitions has deterred her from submitting other outstanding Petitions.  However, the April 3 letter refers only to past Petitions and there is no indication—from the letter or otherwise—that any outstanding or future Petitions Andrews may submit will be denied if she complies with the Family Court's procedures.  Therefore, Andrews has not established Article III standing to pursue a claim for

8

injunctive or declaratory relief against Judge Hens-Greco.[5]

## IV.    Conclusion

For the foregoing reasons, we will affirm the judgment of the District Court dismissing Andrews's complaint.[6]

---

[5] Andrews also purports to bring a claim under the IDEA, 20 U.S.C. § 1415. Section 1415 permits a guardian, after pursuing state administrative remedies, to bring a suit in federal court "with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child." *Id.* § 1415(b)(6)(A), (i)(2)(A). As the language of § 1415 clearly contemplates complaints about the education of a child, *see, e.g., id.* § 1415(b)(7)(A)(ii)(III), Andrews's fee dispute claim against a state court judge falls outside the ambit of the provision.

[6] We agree with the District Court that permitting Andrews to amend her complaint would be futile and so the District Court's dismissal with prejudice was proper. *See Alston v. Parker*, 363 F.3d 229, 236 (3d Cir. 2004).