[Cite as *Norman v. O'Brien*, 2016-Ohio-5499.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Redan R. Norman, | : | |
| Plaintiff-Appellant, | : | No. 16AP-191 |
| | | (C.P.C. No. 15CV-10711) |
| v. | : | |
| | | (ACCELERATED CALENDAR) |
| Franklin County Prosecuting Attorney, Ron O'Brien et al., | : | |
| | : | |
| Defendants-Appellees. | : | |
| | : | |

D E C I S I O N

Rendered on August 23, 2016

**On brief:** *Redan R. Norman*, pro se.

**On brief:** *Ron O'Brien*, Prosecuting Attorney, *Jason S. Wagner*, for appellees.

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Plaintiff-appellant, Redan R. Norman, appeals from a judgment entry of the Franklin County Court of Common Pleas granting the motion to dismiss of defendants-appellees, Franklin County Prosecutor Ron O'Brien and Judge Dale A. Crawford. For the following reasons, we affirm.

I. Facts and Procedural History

{¶ 2} In 1999, a jury convicted Norman of two counts of aggravated murder and one count of kidnapping, all with specifications. Norman received a sentence of life imprisonment without the possibility of parole. Norman appealed his conviction and sentence, and this court affirmed. *State v. Norman*, 10th Dist. No. 99AP-398 (Dec. 23, 1999).

{¶ 3}   On December 1, 2015, Norman filed a complaint for a declaratory judgment that the underlying criminal judgment is void because the trial court was not the proper venue and, thus, lacked subject-matter jurisdiction. Norman argued improper venue based on the victim's death certificate being issued in Fairfield County.

{¶ 4}   Appellees responded in a December 31, 2015 motion to dismiss, asserting, pursuant to Civ.R. 12(B)(6), that Norman failed to state a claim on which relief may be granted.   More specifically, appellees argued that Norman could not use an action for declaratory judgment as a substitute for a criminal appeal or to collaterally attack a criminal conviction.   Additionally, appellees asserted statutory immunity.   Norman responded in a January 20, 2016 memo in opposition.   Appellees filed a reply on January 27, 2016.

{¶ 5}   In a February 29, 2016 entry, the trial court granted appellees' motion to dismiss.   The trial court concluded an action for declaratory judgment is an improper avenue for attacking a criminal conviction and thus dismissed Norman's complaint on that basis.   Moreover, the trial court noted that because it granted appellees' motion based on the impropriety of using a declaratory judgment as a means of attacking a criminal conviction, it need not address appellees' immunity arguments.   Norman timely appeals.

## II. Assignments of Error

{¶ 6}   Norman assigns the following errors for our review:

[1.] The court erred in dismissing appellant's declaratory judgment complaint without making a declaration of appellant's rights as required by law.

[2.] The court abused its discretion when it made an ambiguous ruling of the issues before the court, and in doing so, failed to fulfill its function in a declaratory judgment action.

## III. First and Second Assignments of Error – Motion to Dismiss

{¶ 7}   Norman's first and second assignments of error are interrelated and we address them jointly.   Together, they assert the trial court erred when it granted appellees' motion to dismiss.

{¶ 8}   A Civ.R. 12(B)(6) motion to dismiss for failure to state a claim on which relief can be granted is procedural and tests the sufficiency of the complaint. *State ex rel.*

*Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548 (1992), citing *Assn. for Defense of Washington Local School Dist. v. Kiger*, 42 Ohio St.3d 116, 117 (1989). In ruling on a motion to dismiss, pursuant to Civ.R. 12(B)(6), the court must construe the complaint in the light most favorable to the plaintiff, presume all factual allegations in the complaint are true, and make all reasonable inferences in favor of the plaintiff. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988). A trial court properly dismisses a complaint for failure to state a claim when it appears, beyond doubt, that the plaintiff can prove no set of facts entitling him to relief. *Coleman v. Columbus State Community College*, 10th Dist. No. 15AP-119, 2015-Ohio-4685, ¶ 6, citing *Celeste v. Wiseco Piston*, 151 Ohio App.3d 554, 2003-Ohio-703, ¶ 12 (11th Dist.). An appellate court reviews a decision on a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim on which relief can be granted under a de novo standard of review. *Foreman v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 14AP-15, 2014-Ohio-2793, ¶ 9.

{¶ 9} "A declaratory judgment action is a civil action and provides a remedy in addition to other legal and equitable remedies available." *Burge v. Ohio Atty. Gen.*, 10th Dist. No. 10AP-856, 2011-Ohio-3997, ¶ 7, citing *Victory Academy of Toledo v. Zelman*, 10th Dist. No. 07AP-1067, 2008-Ohio-3561, ¶ 8. " 'The essential elements for declaratory relief are (1) a real controversy exists between the parties, (2) the controversy is justiciable in character, and (3) speedy relief is necessary to preserve the rights of the parties.' " *Id.*, quoting *Walker v. Ghee*, 10th Dist. No. 01AP-960 (Jan. 29, 2002). " 'A trial court properly dismisses a declaratory judgment action when no real controversy or justiciable issue exists between the parties.' " *Id.*, quoting *State v. Brooks*, 133 Ohio App.3d 521, 525 (4th Dist.1999).

{¶ 10} In granting appellees' motion to dismiss, the trial court concluded Norman's complaint for declaratory judgment constituted an impermissible collateral attack on the judgment of conviction in Norman's criminal case. We agree. We have previously held "[i]t is well-settled that a declaratory judgment action cannot be used to collaterally attack a conviction or sentence in a criminal case." *Id.* at ¶ 10, citing *Wilson v. Collins*, 10th Dist. No. 10AP-511, 2010-Ohio-6538, ¶ 9. As we stated in *Burge*, a declaratory judgment action:

> will not lie to determine whether rights theretofore adjudicated have been properly decided, nor will it lie to determine the propriety of judgments in prior actions between the same parties. An action for declaratory judgment cannot be used as a subterfuge for, or for the veiled purpose of, relitigating questions as to which a former judgment is conclusive. Declaratory relief does not provide a means whereby previous judgments by state or federal courts may be reexamined, nor is it a substitute for appeal or post conviction remedies.

(Internal quotation marks omitted.) *Id.* at ¶ 10, quoting *O'Donnell v. State*, 4th Dist. No. 05CA3022, 2006-Ohio-2696, ¶ 13, and *Wilson* at ¶ 9.

{¶ 11} After review of the record, we find Norman is attempting to use a declaratory judgment action to collaterally attack his prior criminal conviction. As such, Norman does not present a justiciable controversy capable of resolution by declaration under the declaratory judgment act. *Burge* at ¶ 14; *Wilson* at ¶ 10. Thus, the trial court did not err in granting appellees' Civ.R. 12(B)(6) motion to dismiss. Accordingly, we overrule Norman's first and second assignments of error.

## IV. Disposition

{¶ 12} Based on the foregoing reasons, the trial court did not err in granting appellees' Civ.R. 12(B)(6) motion to dismiss for failure to state a claim. Having overruled Norman's two assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

DORRIAN, P.J., and BROWN, J., concur.

_____