[Cite as *Redman v. Sheward*, 2018-Ohio-2609.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Javon Redman, | : | |
| Plaintiff-Appellant, | : | |
| | : | No. 18AP-98 |
| v. | : | (C.P.C. No. 17CV-9812) |
| Judge Richard Sheward et al., | : | (ACCELERATED CALENDAR) |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on June 29, 2018

**On brief:** *Javon Redman*, pro se.

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Arthur J. Marziale, Jr.,* for appellees.

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1}   Plaintiff-appellant, Javon Redman, appeals from a judgment of the Franklin County Court of Common Pleas dismissing his complaint for declaratory and injunctive relief for failure to state a claim.  For the following reasons, we affirm.

**I. Facts and Procedural History**

{¶ 2}   The procedural history and facts of this case are extensively discussed in our previous decision in *State v. Redman,* 10th Dist. No. 10AP-654, 2011-Ohio-1894, and will not be repeated here except as relevant to our analysis.

{¶ 3}   In 2010, in Franklin C.P. No. 09CR-3490, a jury found appellant guilty of murder, kidnapping, aggravated burglary, and aggravated robbery, as well as accompanying firearm specifications.  The trial court also found appellant guilty of having a weapon under disability.  Appellant was sentenced.  He then appealed his conviction

challenging the sufficiency and manifest weight of the evidence and the imposition of consecutive sentences.  On April 19, 2011, this court affirmed the trial court's judgment. Appellant later filed an application to reopen his appeal and argued that his appellate counsel provided deficient representation by failing to raise on direct appeal issues related to merger of the offenses.  This court denied the application for reopening.  *State v. Redman,* 10th Dist. No. 10AP-654 (Sept. 27, 2011) ( Memorandum Decision).

{¶ 4}   In November 2017, appellant filed a complaint for declaratory judgment and injunctive relief.[1]  The complaint requested the court declare the trial court did not have subject-matter jurisdiction in case No. 09CR-3490 and, therefore, appellant's convictions were void.  Appellant argued the convictions were void because by filing a "multiplicitous indictment" the prosecutor was "stacking" offenses and double jeopardy prevented his convictions.  (Comp. at ¶ 16.)

{¶ 5}   Defendants-appellees, former Judge Richard Sheward and Prosecutor Ron O'Brien, moved to dismiss the complaint for failure to state a claim pursuant to Civ.R. 12(B)(6).  Appellant did not file any memorandum contra the motion to dismiss.

{¶ 6}   On January 12, 2018, the trial court granted appellees' motion to dismiss finding the complaint was an attempt to challenge his conviction and sentence in his prior criminal case.  The trial court further found that a declaratory judgment action is not a substitute for a criminal appeal or other postconviction remedies. Appellant timely appealed.

## II. Assignments of Error

[I.] The court erred when it entered a judgment against appellant that was contrary to law.

[II.] The court abused its discretion when it dismissed the declaratory judgment action, without declaring the rights of each party.

The first and second assignments of error are interrelated and we address them together below.

## III. Analysis

---

[1] Appellant initially filed the complaint within his prior criminal case No. 09CR-3490; however, the Clerk of Courts provided a separate case number for the complaint, No. 17CV-9812.

{¶ 7} "A declaratory judgment action is a civil action and provides a remedy in addition to other legal and equitable remedies available." *Burge v. Ohio Atty. Gen.*, 10th Dist. No. 10AP-856, 2011-Ohio-3997, ¶ 7, citing *Victory Academy of Toledo v. Zelman*, 10th Dist. No. 07AP-1067, 2008-Ohio-3561, ¶ 8. " 'The essential elements for declaratory relief are (1) a real controversy exists between the parties, (2) the controversy is justiciable in character, and (3) speedy relief is necessary to preserve the rights of the parties.' " *Id.*, quoting *Walker v. Ghee*, 10th Dist. No. 01AP-960 (Jan. 29, 2002). " 'A trial court properly dismisses a declaratory judgment action when no real controversy or justiciable issue exists between the parties.' " *Id.*, quoting *State v. Brooks*, 133 Ohio App.3d 521, 525 (4th Dist.1999).

{¶ 8} In *Wilson v. Collins*, 10th Dist. No. 10AP-511, 2010-Ohio-6538, this court held that "[a] declaratory judgment action is not part of the criminal appellate process, and it cannot be used as a substitute for an appeal or as a collateral attack upon a conviction." *Id.* at ¶ 9, citing *Moore v. Mason*, 8th Dist. No. 84821, 2005-Ohio-1188, ¶ 14 (affirming dismissal of declaratory judgment action where criminal defendant sought to void his sentence). " 'Declaratory relief "does not provide a means whereby previous judgments by state or federal courts may be reexamined, nor is it a substitute for appeal or post conviction remedies." ' " *Id.*, quoting *Moore* at ¶ 14, quoting *Shannon v. Sequeechi*, 365 F.2d 827, 829 (10th Cir.1996).

{¶ 9} More recently, in *Norman v. Franklin Cty. Prosecuting Atty.*, 10th Dist. No. 16AP-191, 2016-Ohio-5499, we affirmed a trial court's dismissal of a complaint for declaratory judgment for failure to state a claim pursuant to Civ.R. 12(B)(6). The complaint requested declaration that a prior criminal judgment was void because the trial court lacked subject-matter jurisdiction due to improper venue. We quoted *Burge* in stating:

> [A declaratory judgment] will not lie to determine whether rights theretofore adjudicated have been properly decided, nor will it lie to determine the propriety of judgments in prior actions between the same parties. An action for declaratory judgment cannot be used as a subterfuge for, or for the veiled purpose of, relitigating questions as to which a former judgment is conclusive. Declaratory relief does not provide a means whereby previous judgments by state or federal courts may be reexamined, nor is it a substitute for appeal or post conviction remedies.

(Internal quotation marks omitted.) *Norman* at ¶ 10, quoting *Burge* at ¶ 10.

{¶ 10} Ultimately, in *Norman*, we found the appellant was attempting to use a declaratory judgment action to collaterally attack his prior conviction and the appellant did not present a justiciable controversy capable of resolution by declaration under the Declaratory Judgment Act. We find the same here.

{¶ 11} Accordingly, because appellant cannot use a declaratory judgment action to collaterally attack his convictions in case No. 09CR-3490, we overrule appellant's assignments of error.

## IV. Conclusion

{¶ 12} Based on the foregoing reasons, appellant's two assignments of error are overruled, and we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BRUNNER and HORTON, JJ., concur.