[Cite as *Mobley v. O'Donnell*, 2020-Ohio-469.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Alphonso-Dwayne Mobley, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 19AP-440 |
| v. | : | (C.P.C. No. 19CV-3926) |
| Judge Colleen O'Donnell et al., | : | (ACCELERATED CALENDAR) |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on February 11, 2020

**On brief:** *Alphonso-Dwayne Mobley*, pro se.

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Bryan B. Lee*, for appellees.

APPEAL from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} Plaintiff-appellant, Alphonso-Dwayne Mobley, appeals a judgment of the Franklin County Court of Common Pleas that dismissed his action against defendants-appellees, Judge Colleen O'Donnell, Franklin County Prosecuting Attorney Ron O'Brien, Franklin County Assistant Prosecuting Attorney Warren Edwards, former Franklin County Assistant Prosecuting Attorney Joseph Gibson, and Franklin County Assistant Public Defender Thomas Lininger. For the following reasons, we affirm that judgment.

{¶ 2} On April 15, 2016, Mobley was indicted on six counts: (1) aggravated arson in violation of R.C. 2909.02, a first-degree felony; (2) criminal use of a chemical, biological, radiological, or nuclear weapon or explosive in violation of R.C. 2909.27, a second-degree felony; (3) criminal possession of a chemical, biological, radiological, or nuclear weapon or explosive in violation of R.C. 2909.26, a third-degree felony; (4) illegal assembly or

possession of chemicals or substances for the manufacture of a chemical weapon, biological weapon, radiological or nuclear weapon or explosive device in violation of R.C. 2909.28, a fourth-degree felony; (5) illegally manufacturing or possessing explosives in violation of R.C. 2923.17, a second-degree felony; and (6) having weapons while under a disability in violation of R.C. 2923.13, a third-degree felony. Each of the first five counts also included a firearm specification.

{¶ 3}    Initially, Mobley pleaded not guilty to the charges. However, on May 1, 2017, Mobley agreed to plead guilty to "count 1, Aggravated Arson[,] a felony of the 1st degree pursuant to [R.C.] 2909.02, with a 1 year firearm specification pursuant to [R.C.] 2941.141, and count 2, Criminal Use of [an] Explosive Device[,] a felony of the 2nd degree pursuant to [R.C.] 2909.27." (Pl.'s Ex. H at 1, Entry of Guilty Plea.) The parties agreed to jointly recommend to the trial court that Mobley serve a sentence of 14 years.

{¶ 4}    The trial court held a combined plea and sentencing hearing on May 1, 2017. As reflected in the May 14, 2017 judgment entry, at the hearing, the trial court accepted Mobley's plea and found him guilty of the offenses and specification he pleaded guilty to. Upon the state's application, the trial court entered a nolle prosequi as to Counts three through six of the indictment. The trial court sentenced Mobley to serve ten years on count one, plus an additional mandatory one year for the firearm specification in count one, and three years as to count two. The trial court ordered Mobley to serve the terms for count one, count two, and the firearm specification consecutively, for a total of 14 years. Additionally, the trial court notified Mobley that he was subject to five years of mandatory post-release control.

{¶ 5}    Mobley did not timely appeal the May 14, 2017 judgment. Over a year after the entry of that judgment, Mobley filed a pro se motion in this court seeking leave to file a delayed appeal. We denied that motion because Mobley did not offer a reasonable explanation as to why it took him more than 14 months from the time of his sentencing to seek leave to appeal. (Pl.'s Ex M at ¶ 5, *State v. Mobley*, 10th Dist. No. 18AP-539 (Oct. 25, 2018).)[1]

{¶ 6}    On May 14, 2019, Mobley filed the instant action in the trial court. In his first through seventh claims, Mobley asked the trial court to issue a series of declaratory

---

[1] We draw the foregoing facts from the allegations in Mobley's complaint and the documents attached to Mobley's complaint.

judgments stating that defects in the indictment and errors in sentencing resulted in breaches of his plea agreement. Mobley also requested that the trial court declare that defendants engaged in deceptive and/or unconscionable acts or practices under the Consumer Sales Practices Act, R.C. 1345.01 et seq.

{¶ 7} In addition to declaratory relief, Mobley also sought an injunction and monetary damages based on the allegations contained in the first seven claims. For the injunctive relief, Mobley petitioned the trial court to "plac[e] him back in the position as before entering the [plea agreement] and pleading guilty" by "reinstituting [the] original indictment." (Compl. at ¶ 140-41.)

{¶ 8} Mobley also asserted an eighth claim, which he described in his complaint as "Interfering with Civil Rights; Use of Sham Legal Process; Breach of Oath of Office." (Compl. at 39.) According to the allegations contained in this claim, defendants committed fraud and other wrongdoing during the course of Mobley's conviction and sentencing that deprived Mobley of his civil rights. Mobley sought monetary damages for this final claim.

{¶ 9} Defendants moved to dismiss Mobley's complaint for failure to state a claim pursuant to Civ.R. 12(B)(6). Mobley opposed the motion. In a decision and entry dated June 27, 2019, the trial court granted defendants' motion and dismissed the complaint.

{¶ 10} Mobley now appeals the June 27, 2019 judgment, and he assigns the following errors:

> [1.] Judge Phipps abused her discretion when she failed to determine if a justiciable controversy existed between the plaintiff and each defendant severally and individually in their personal and official capacity before granting motion to dismiss pursuant to Civ.R12 (B)(5) in violation of the Due Process Clause of the 14th Amendment to the U.S. Constitution
>
> [2.] Trial court abused its discretion when the court granted motion to dismiss against Cause of Action VIII., and denied Motion for Summary judgment pursuant to Civil rule 12(b) (6) finding defendants retain absolute immunity, in violation of the Due Process Clause & Equal Protection Clause of the U.S. Constitution 14th Amendment
>
> [3.] Judge Phipps abused its discretion when she granted motion to dismiss pursuant to Civil Rule 12(b)(6) upon finding Cause of Action VIII. Barred by the Statute of Limitations[2]

---

[2] We quote Mobley's assignments of error verbatim, without correcting any errors contained therein.

{¶ 11} All of Mobley's assignments of error challenge the trial court's dismissal of his complaint for failure to state a claim. A motion to dismiss for failure to state a claim upon which relief can be granted tests the sufficiency of the complaint. *Volbers-Klarich v. Middletown Mgt., Inc.*, 125 Ohio St.3d 494, 2010-Ohio-2057, ¶ 11. In construing a complaint upon a Civ.R. 12(B)(6) motion, a court must presume that all factual allegations in the complaint are true and make all reasonable inferences in the plaintiff's favor. *Id.* at ¶ 12; *LeRoy v. Allen, Yurasek & Merklin*, 114 Ohio St.3d 323, 2007-Ohio-3608, ¶ 14. " '[A]s long as there is a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss.' " *Cincinnati v. Beretta U.S.A. Corp.*, 95 Ohio St.3d 416, 2002-Ohio-2480, ¶ 5, quoting *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 144 (1991). Appellate court review of a trial court's decision to dismiss a claim pursuant to Civ.R. 12(B)(6) is de novo. *Ohio Bur. of Workers' Comp. v. McKinley*, 130 Ohio St.3d 156, 2011-Ohio-4432, ¶ 12.

{¶ 12} By his first assignment of error, Mobley argues that the trial court erred in dismissing his seven claims for declaratory judgment. We disagree.

{¶ 13} To obtain a declaratory judgment, a plaintiff must establish: (1) a real controversy exists between the parties, (2) the controversy is justiciable in character, and (3) speedy relief is necessary to preserve the rights of the parties. *Moore v. Middletown*, 133 Ohio St.3d 55, 2012-Ohio-3897, ¶ 49. A trial court properly dismisses a declaratory judgment action where there is no justiciable controversy between the parties. *Redman v. Sheward*, 10th Dist. No. 18AP-98, 2018-Ohio-2609, ¶ 7; *Norman v. Franklin Cty. Prosecuting Atty.*, 10th Dist. No. 16AP-191, 2016-Ohio-5499, ¶ 9.

{¶ 14} A declaratory judgment action cannot be used to collaterally attack a conviction or sentence. *Redman* at ¶ 8; *Norman* at ¶ 10. "[D]eclaratory judgment is simply not a part of the criminal appellate or postconviction review process. * * * Ohio's Criminal Rules and statutes provide for the direct review of criminal judgments through appeal, and collateral attacks through postconviction petitions, habeas corpus, and motions to vacate. * * * A declaratory-judgment action cannot be used as a substitute for any of these remedies." *Lingo v. State*, 138 Ohio St.3d 427, 2014-Ohio-1052, ¶ 44.

{¶ 15} Declaratory judgment actions play no role in the criminal appellate or postconviction review process because such actions are not vehicles to determine whether rights already adjudicated were properly decided, or to decide the propriety of judgments

in prior actions between the same parties. *Redman* at ¶ 9; *Norman* at ¶ 10. " 'An action for declaratory judgment cannot be used as a subterfuge for, or for the veiled purpose of, relitigating questions as to which a former judgment is conclusive.' " *Norman* at ¶ 10, quoting *Burge v. Ohio Atty. Gen.*, 10th Dist. No. 10AP-856, 2011-Ohio-3997, ¶ 10. When a plaintiff seeks a declaratory judgment to challenge any aspect of a criminal judgment, he fails to raise a justiciable controversy, and his action must fail. *Redman* at ¶ 10; *Norman* at ¶ 11.

{¶ 16} Here, Mobley argues that a justiciable controversy exists that he can litigate through a declaratory judgment action. To determine the nature of Mobley's declaratory judgment action, we must examine the substance of his arguments and the type of relief requested. *See Lingo* at ¶ 38 ("Regardless of how an action is labeled, the substance of the party's arguments and the type of relief requested determine the nature of the action."). At their core, Mobley's arguments are an attack on the validity on his conviction and sentence, and he seeks injunctive relief that would require the trial court to vacate the final judgment in his criminal case. Mobley's sole avenues for redress, therefore, remain the criminal appellate and postconviction review processes. Accordingly, the trial court did not err in dismissing Mobley's seven claims for declaratory judgment, and we thus overrule the first assignment of error.

{¶ 17} We next turn to Mobley's second and third assignments of error, which challenge the trial court's dismissal of the eighth claim. The trial court dismissed Mobley's eighth claim for multiple reasons. First, the trial court found that Judge O'Donnell was entitled to absolute judicial immunity, and O'Brien, Edwards, and Gibson were entitled to absolute prosecutorial immunity. Second, the trial court found that the statute of limitations barred any tort claim against defendants.

{¶ 18} By his second assignment of error, Mobley argues that the trial court erred in finding O'Donnell, O'Brien, Edwards, and Gibson absolutely immune from liability. We disagree.

{¶ 19} Initially, Mobley contends that he asserted his eighth claim against defendants in their personal capacities, so they cannot rely on judicial or prosecutorial immunity, which are defenses only to claims brought against individuals sued in their official capacities. Mobley does not correctly interpret the law.

{¶ 20} In an official-capacity action, the plaintiff nominally names a government officer as the defendant, but in fact, the real party in interest is the entity of which the officer is an agent. *Lewis v. Clarke*, ___ U.S. ___, 137 S.Ct. 1285, 1292 (2017); *Hafer v. Melo*, 502 U.S. 21, 25 (1991). For that reason, the only immunities available to the defendant in an official-capacity action are those that the governmental entity possesses. *Hafer* at 25. A personal-capacity suit, on the other hand, seeks to impose individual liability on a government officer for actions taken under state law. *Lewis* at 1292; *Hafer* at 25. An officer in a personal-capacity action may "assert *personal* immunity defenses, such as, for example, absolute prosecutorial immunity in certain circumstances." (Emphasis sic.) *Lewis* at 1292. Such personal immunity defenses also include absolute judicial immunity. *Ward v. Norwalk*, 640 Fed.Appx. 462, 466 (6th Cir.2016) (finding judicial immunity barred money damages claims against a judge in his individual capacity); *Andrews v. Hens-Greco*, 641 Fed.Appx. 176, 179 (3d Cir.2016) ("Under the doctrine of absolute judicial immunity, a judge is generally immune from suit in his or her individual capacity for money damages."). Thus, bringing the eighth claim against defendants in their personal capacities did not preclude defendants from raising the defenses of judicial and prosecutorial immunity.

{¶ 21} We will first review the trial court's conclusion that O'Donnell was judicially immune from liability. "As a general matter, when a judge acts in an official judicial capacity and has personal and subject-matter jurisdiction over a controversy, the judge is exempt from civil liability even if the judge goes beyond, or exceeds, the judge's authority and acts in excess of jurisdiction." *Borkowski v. Abood*, 117 Ohio St.3d 347, 2008-Ohio-857, ¶ 6. Here, Mobley contends that O'Donnell cannot claim immunity because she lacked jurisdiction to convict and sentence him. Mobley maintains that O'Donnell lost all authority over his criminal case when the facts adduced during the plea and sentencing hearing did not prove every element of the offenses to which he pleaded guilty. We are not persuaded.

{¶ 22} Pursuant to R.C. 2931.03, the court of common pleas has original jurisdiction in felony cases. *Click v. Eckle*, 174 Ohio St. 88, 89 (1962). That jurisdiction is invoked by the return of an indictment. *Id.*; *State v. Hillman*, 10th Dist. No. 06AP-1230, 2008-Ohio-2341, ¶ 41. Once jurisdiction is invoked by return of an indictment, it is only lost by a proper

judicial termination of the case. *Click* at 89; *State v. Shenefield*, 122 Ohio App.3d 475, 481 (10th Dist.1997).

{¶ 23} In the case at bar, the trial court acquired subject-matter jurisdiction with the return of the indictment against Mobley on April 15, 2016, and that jurisdiction did not terminate until entry of the final judgment on May 14, 2017. Judge O'Donnell, therefore, possessed subject-matter jurisdiction when presiding over the plea and sentencing hearing and entering the judgment convicting and sentencing Mobley. Consequently, the trial court did not err in finding Judge O'Donnell was entitled to absolute judicial immunity from Mobley's eighth claim.

{¶ 24} We next turn to reviewing whether absolute prosecutorial immunity exempted O'Brien, Edwards, and Gibson from liability. Courts consider prosecutors "quasi-judicial officers" entitled to the absolute immunity granted to judges when their activities are " 'intimately associated with the judicial phase of the criminal process.' " *McClellan v. Franklin Cty. Bd. of Commrs.*, 10th Dist. No. 08AP-782, 2009-Ohio-3955, ¶ 10, quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *accord Dehlendorf v. Gahanna*, 10th Dist. No. 14AP-379, 2015-Ohio-3680, ¶ 29. A prosecutor has absolute immunity in initiating a prosecution, presenting the state's case, and performing other traditional prosecutorial duties. *McClellan* at ¶ 10. In the case at bar, Mobley does not contest that he seeks to hold O'Brien, Edwards, and Gibson liable for their actions in prosecuting him. Consequently, the trial court did not err in finding O'Brien, Edwards, and Gibson were entitled to absolute prosecutorial immunity from Mobley's eighth claim.

{¶ 25} In sum, we conclude that the trial court properly found O'Donnell, O'Brien, Edwards, and Gibson absolutely immune from liability for the eighth claim. Accordingly, we overrule the second assignment of error.

{¶ 26} By the third assignment of error, Mobley argues that the trial court erred in concluding that the statute of limitations barred the eighth claim. While Mobley is correct, the trial court's error does not warrant reversal.

{¶ 27} Mobley's eighth claim contains multiple allegations, but it does not clearly identify what legally recognized cause of action Mobley intended to pursue. Stated succinctly, the eighth claim asserts that defendants' alleged fraud, misfeasance, and bias during the criminal proceedings injured Mobley by depriving him of his civil rights. The trial court treated this claim as a generic tort claim for personal injury against a political

subdivision and its employees. Pursuant to R.C. 2744.04(A), a party must bring such an action within two years after the cause of action accrues. *Pearson v. Columbus*, 10th Dist. No. 14AP-313, 2014-Ohio-5563, ¶ 10. According to the trial court, defendants' alleged wrongdoing took place on or before the date of Mobley's conviction, May 1, 2017. Because Mobley did not file the instant action until May 14, 2019, he filed outside the two-year statute of limitations. Thus, the trial court dismissed the eighth claim.

{¶ 28} On appeal, Mobley specifies that his eighth claim is a claim filed pursuant to 42 U.S.C. 1983. We credit this assertion because the factual allegations in the eighth claim appear sufficient to state a claim for 1983 relief, even though Mobley does not reference 42 U.S.C. 1983 in his complaint. Defendants contend that Mobley's belated clarification of the nature of his claim does not matter because 1983 claims are also subject to a two-year statute of limitations. *See Nadra v. Mbah*, 119 Ohio St.3d 305, 2008-Ohio-3918, ¶ 31 (applying the two-year statute of limitations found in R.C. 2305.10 to 1983 claims). The applicable law, however, is more complicated than defendants appreciate.

{¶ 29} Although state law controls the length of the limitations period for a 1983 claim, the time at which a 1983 claim accrues is a question of federal law. *McDonough v. Smith*, ___ U.S. ___, 139 S.Ct. 2149, 2154 (2019). As a general rule, a 1983 claim accrues when the plaintiff knows or has reason to know of the injury that is the basis of his action. *D'Ambrosio v. Marino*, 747 F.3d 378, 384 (6th Cir.2014). However, this general rule has an exception that applies when a plaintiff brings a 1983 claim to obtain damages where success "would necessarily imply the invalidity of [the plaintiff's prior] conviction or sentence." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Such an action " 'does not accrue until the conviction is reversed or expunged, and therefore the statute of limitations does not begin to run until such an event occurs, if ever.' " *D'Ambrosio* at 384, quoting *Wolfe v. Perry*, 412 F.3d 707, 714 (6th Cir.2005). Thus, a plaintiff cannot use a 1983 claim to obtain damages without first proving that his conviction has been invalidated in some way. *McDonough* at 2157. This prerequisite to filing a 1983 claim, called the favorable-termination requirement, eliminates the potential for inconsistent determinations in the civil and criminal cases and prevents the criminal defendant from collaterally attacking the prosecution via a civil suit. *Id.*; *Wolfe* at 714.

{¶ 30} In his eighth claim, Mobley contends that his conviction and sentence are the result of defendants' alleged fraud, misfeasance, and bias. Success on the eighth claim,

therefore, would necessarily imply the invalidity of Mobley's conviction. However, as Mobley acknowledged in his complaint, courts have rejected all his postconviction attempts to overturn or otherwise invalidate his conviction. Consequently, under *Heck*, Mobley's eighth claim must be dismissed. *See Heck* at 487, 489-90 (directing courts to dismiss 1983 actions in circumstances like those in the case at bar because they do not yet exist). In sum, Mobley's eighth claim fails not because he filed it after the lapse of the statute of limitations, but because it has not yet accrued.

{¶ 31} In a final argument, Mobley maintains the eighth claim is actually a claim for breach of contract subject to an eight-year (R.C. 2306.05) or four-year (R.C. 1302.98) statute of limitations. Even under the broadest reading possible, the eighth claim does not state a claim for breach of contract. The allegations in the eighth claim did not point to any provisions of a contract and describe how defendants' conduct breached those provisions. Instead, the allegations focus on fraud, misfeasance, and bias, and they characterize Mobley's injuries as violations of his civil rights. Consequently, neither breach-of-contract statute of limitations applies here.

{¶ 32} Having considered the arguments underlying Mobley's third assignment of error, we sustain that assignment. However, because Mobley's eighth claim has yet to accrue, the trial court was correct to dismiss it, so we have no reason to reverse the trial court's judgment.

{¶ 33} For the foregoing reasons, we overrule Mobley's first and second assignments of error, and we sustain Mobley's third assignment of error. We affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

LUPER SCHUSTER and NELSON, JJ., concur.

_____