[Cite as *State ex rel. Jones v. Tyack*, 2024-Ohio-4978.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Antonio Jones, | : | |
| Plaintiff-Appellant, | : | No. 24AP-172 |
| | | (C.P.C. No. 24CV-0008) |
| v. | : | |
| | | (ACCELERATED CALENDAR) |
| Franklin County Prosecutor, Gary [Tyack] et al., | : | |
| | : | |
| Defendants-Appellees. | : | |
| | : | |

D E C I S I O N

Rendered on October 15, 2024

**On brief:** *Antonio Jones*, pro se.

**On brief:** *G. Gary Tyack*, Prosecuting Attorney, and *Charles R. Ellis*, for appellees.

APPEAL from the Franklin County Court of Common Pleas

JAMISON, J.

{¶ 1} Plaintiff-appellant, Antonio Jones, filed a petition for declaratory judgment, pursuant to R.C. 2721.01 through 2721.04, against defendants-appellees, G. Gary Tyack, Franklin County Prosecutor, and Daniel T. Hogan, retired Judge of the Franklin County Court of Common Pleas, requesting declaratory judgment to vacate a void judgment, permanent injunctive relief against the Franklin County Prosecutor's Office (Prosecutor) for Fraud in the Factum/Fraud upon the court committed by Franklin County Assistant Prosecutor, G.W. Wharton, and retired Judge Hogan, in Franklin C.P. case No. 13CR-2345. For the following reasons we affirm.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} In 2014, a jury in Franklin C.P. case No. 13CR-2345 found Jones guilty of murder and tampering with evidence with attendant specifications, and the trial court

found Jones guilty of having a weapon under disability with a firearm specification. Jones was sentenced to a term of 33 years to life.

{¶ 3}  This court affirmed the conviction and sentence on direct appeal in *State v. Jones*, 10th Dist. No. 16AP-13, 2016-Ohio-5387. Jones has made several unsuccessful challenges to his conviction and sentence, none of which are relevant for the instant matter and therefore shall not be listed.

{¶ 4}  On January 2, 2024, Jones filed a complaint for declaratory judgment and injunctive relief against appellees, the judge and prosecutor in the original criminal matter, alleging they committed fraud during his trial. Appellees filed a motion to dismiss for failure to state a claim, and Jones filed a response.

{¶ 5}  On February 21, 2024, the trial court granted the motion to dismiss, finding that the complaint was an attack on the underlying criminal conviction. It is from this judgment that Jones now brings the instant appeal.

## II. ASSIGNMENT OF ERROR

{¶ 6}  Appellant assigns the following as trial court error:

> THE TRIAL COURT ABUSED ITS DISCRETION AND DENIED APPELLANT SUBSTANTIVE AND PROCEDURAL DUE PROCESS UNDER THE 1ST, 5TH AND 14TH AMENDMENTS TO THE UNITED STATES CONSTITUTIONS AND ARTICLE I SECTION 16 OF THE OHIO CONSTITUTION WHERE THE TRIAL COURT REFUSED TO DECLARE THE RIGHTS OF THE PARTIES, AND FAILED TO FOLLOW STATUTORY MANDATES BY EXPRESSING THERE WAS NO JUSTICIABLE CONTROVERSY EXISTING BETWEEN THE PARTIES.

(Sic passim.)

## III. STANDARD OF REVIEW

{¶ 7}  A motion to dismiss for failure to state a claim filed under Civ.R. 12(B)(6) tests the sufficiency of the complaint. *Ohio Assn. of Pub. School Emps. v. School Emps. Retirement Sys. of Ohio*, 10th Dist. No. 19AP-288, 2020-Ohio-3005. Affording all reasonable inferences to a plaintiff, a complaint must be dismissed if the plaintiff can prove no set of facts entitling him to relief. *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975).

{¶ 8} A mixed standard of review applies to claims for declaratory judgment. An appellate court should apply an abuse of discretion standard in matters regarding whether declaratory judgment is appropriate, such as justiciability. *Arnott v. Arnott*, 132 Ohio St.3d 401 (2012). An abuse of discretion connotes more than a simple error of law or judgment; it implies the trial court's decision was unreasonable, arbitrary, or unconscionable. *Harris v. Ohio Dept. of Veterans Servs.*, 10th Dist. No. 16AP-895, 2018-Ohio-2165.

{¶ 9} After a trial court has decided that a declaratory judgment action presents a justiciable question, we review a decision regarding questions of law on a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim using a de novo standard of review. *Foreman v. Ohio Dept. of Rehab & Corr.*, 10th Dist. No. 14AP-15, 2014-Ohio-2793. De novo review requires an appellate court to conduct an independent analysis without affording any deference to the trial court's decision. *State ex rel. Ugicom Ents., Inc. v. Morrison*, 10th Dist. No. 17AP-895, 2021-Ohio-1269.

{¶ 10} Here, because the trial court granted appellees' Civ.R. 12(B)(6) motion for dismissal for lack of a justiciable controversy, we review that decision for an abuse of discretion.

## IV. LEGAL ANALYSIS

{¶ 11} "A claim for declaratory judgment is a civil action that provides a remedy in addition to other available legal and equitable remedies." *Youngstown City Sch. Dist. Bd. of Edn. v. State*, 10th Dist. No. 17AP-775, 2018-Ohio-2532, ¶ 8. To obtain declaratory relief, a plaintiff must show: "(1) a real controversy exists between the parties, (2) the controversy is justiciable in character, and (3) speedy relief is necessary to preserve the rights of the parties." (Internal quotation and citation omitted.) *Walker v. Ghee*, 10th Dist. No. 01AP-960, 2002 Ohio App. LEXIS 252, *5 (Jan. 29, 2002). A trial court properly dismisses a declaratory judgment action where there is no justiciable controversy between the parties. *JBK Ventures, Inc. v. Ohio Dept. of Pub. Safety*, 10th Dist. No. 20AP-184, 2021-Ohio-2046.

{¶ 12} A declaratory judgment action is used to challenge the "validity, construction and application of criminal statutes and ordinances." *Peltz v. S. Euclid*, 11 Ohio St.2d 128, 131 (1967). However, "declaratory judgment is not a proper vehicle for determining whether rights that were previously adjudicated were properly adjudicated." *Lingo v. State*, 138 Ohio St.3d 427, 2014-Ohio-1052, ¶ 44.

{¶ 13} A criminal defendant may not bring a declaratory judgment action as an alternative method of appellate review. "For direct and collateral attacks alike, declaratory judgment is simply not a part of the criminal appellate or postconviction review process." *Id.* A complaint relitigating a conviction must fail for lack of a justiciable controversy. *State v. Brooks*, 133 Ohio App.3d 521 (4th Dist.1999).

{¶ 14} We have consistently held that a "declaratory judgment action cannot be used to collaterally attack a conviction or sentence." *Mobley v. O'Donnell*, 10th Dist. No. 19AP-440, 2020-Ohio-469, ¶ 14. In *Redman v. Sheward*, 10th Dist. No. 18AP-98, 2018-Ohio-2609, a declaratory judgment action filed to challenge prior convictions was dismissed because no justiciable controversy was found; in *Norman v. O'Brien*, 10th Dist. No. 16AP-191, 2016-Ohio-5499, we affirmed a dismissal for failure to state a claim pursuant to Civ.R. 12(B)(6) when a criminal defendant was attempting to use a declaratory judgment action to attack his conviction; in *Wilson v. Collins*, 10th Dist. No. 10AP-511, 2010-Ohio-6538, ¶ 9, we held that a "declaratory judgment action is not part of the criminal appellate process, and it cannot be used as a substitute for an appeal or as a collateral attack upon a conviction."

{¶ 15} Although presented as a constitutional challenge to his conviction, Jones' complaint seeks to vacate his convictions and sentence based on his unfounded belief that the appellees committed fraud. A declaratory judgment action does not "convert a claimed error at law by a trial judge * * * in a criminal case into a justiciable controversy." (Internal quotation and citation omitted.) *Bandy v. Cuyahoga Cty. Prosecutor*, 8th Dist. No. 106635, 2018-Ohio-3679, ¶ 10.

{¶ 16} Jones is not requesting a prospective review of a criminal statute but rather an attempt to use the complaint to collaterally attack his conviction. However, the complaint did not pose a justiciable controversy. His declaratory judgment "falls squarely into the prohibited use explained by *Lingo*," and dismissal was proper. *Knuckles v. State,* 10th Dist. No. 18AP-890, 2019-Ohio-1079, ¶ 6.

{¶ 17} The trial court did not err by granting appellees' motion to dismiss. Jones' assignment of error is overruled.

## V.  CONCLUSION

{¶ 18} Having overruled Jones' sole assignment of error, the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

BEATTY BLUNT and LELAND, JJ., concur.

————————————