[Cite as *Martin v. Ohio Dept. of Rehab. & Corr.*, 2017-Ohio-1124.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| William E. Martin, | : | |
| Plaintiff-Appellant, | : | |
| v. | : | No. 16AP-585 |
| | | (Ct. of Cl. No. 2016-307) |
| Ohio Department of Rehabilitation and Correction, | : | |
| | | (ACCELERATED CALENDAR) |
| | : | |
| Defendant-Appellee. | : | |
| | : | |

D E C I S I O N

Rendered on March 28, 2017

**On brief:** *William E. Martin*, pro se.

**On brief:** *Michael DeWine*, Attorney General, and *Christopher P. Conomy,* for appellee.

APPEAL from the Court of Claims of Ohio

TYACK, P.J.

{¶ 1} William E. Martin is appealing from the dismissal of his lawsuit in the Court of Claims of Ohio. For the following reasons, we affirm in part and reverse in part the judgment of the trial court. Martin assigns three errors for our consideration:

> [I.] THE COURT ERRED WHEN IT DISMISSED APPELLANT'S AMENDED COMPLAINT WITHOUT AFFORDING HIM AN OPPORTUNITY TO COMPLETE HIS REQUESTED DISCOVERY.
>
> [II.] THE COURT ERRED WHEN IT DISREGARDED APPELLANT'S PERSONAL INJURY CLAIM AND DISMISSED APPELLANT'S AMENDED COMPLAINT.

[III.] THE COURT ERRED WHEN IT DISREGARDED APPELLANT'S CONSTITUTIONAL CLAIMS AND DISMISSED APPELLANT'S AMENDED COMPLAINT.

{¶ 2}  Martin sued the Ohio Department of Rehabilitation and Correction ("ODRC") on April 11, 2016.  He amended his complaint on May 4, 2016.  Counsel for ODRC filed a motion to dismiss the amended complaint on May 10, 2016.  The motion to dismiss pursuant to Civ.R. 12(B)(1) and (B)(6) was sustained on July 19, 2016 leading to this appeal.

{¶ 3}  Martin claims he was assaulted by another inmate while both were incarcerated at Allen Correctional Institution ("ACI").  Martin claims ODRC is liable for his injuries because ODRC did not take adequate precautions to protect Martin and other inmates.  One of the precautions not taken was the elimination of a putt putt golf course at ACI because the putters could be used as deadly weapons.  Golf clubs were used to assault Martin leading to numerous injuries to Martin's face, eye, ear, and left maxillary sinus region.

{¶ 4}  Dismissal of a claim pursuant to Civ.R. 12(B)(6) or (B)(1) is appropriate only where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  *York v. Ohio State Highway Patrol*, 60 Ohio St.3d 143, 144 (1991); *Lin v. Gatehouse Constr. Co.* 84 Ohio App.3d 96, 99 (8th Dist.1992).  A court must presume all factual allegations contained in the complaint to be true and make all reasonable inferences in favor of the non-moving party.  *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988).  "In resolving a Civ.R. 12(B)(6) motion to dismiss, the trial court may consider only the statements and facts contained in the pleadings, and may not consider or rely on evidence outside the complaint."  *Powell v. Vorys*, 131 Ohio App.3d 681, 684 (10th Dist.1998).  As an appellate court, we must independently review the complaint to determine if dismissal was appropriate.  *McGlone v. Grimshaw*, 86 Ohio App.3d 279, 285 (4th Dist.1993).

{¶ 5}  Martin included in his lawsuit a claim that he was transferred to another prison as a result of the assault and that the transfer was a violation of due process of law. The third assignment of error argues the Court of Claims should not have disregarded this claim.  It has been established that the Court of Claims lacks subject-matter jurisdiction

over alleged violations of constitutional rights and claims arising under 42 U.S.C. 1983. *Bleicher v. Univ. of Cincinnati College of Med.*, 78 Ohio App.3d 302, 306 (10th Dist.1992).  The Court of Claims was correct to dismiss this claim because the jurisdiction of the Court of Claims is limited and does not include the right to adjudicate claims based upon provisions of the Ohio and United States Constitutions.

{¶ 6}   The third assignment of error is overruled.

{¶ 7}   The first assignment of error alleges that the Court of Claims erred in dismissing Martin's claim without affording him an opportunity to complete his requested discovery.  A request for discovery does not hinder a dismissal under Civ.R. 12(B)(6) as a court is required to only examine the complaint.  "[T]he trial court may consider only the statements and facts contained in the pleadings, and may not consider or rely on evidence outside the complaint." *Powell* at 684.  If the trial court considers evidence outside of the complaint, then a motion to dismiss under Civ.R. 12(B)(6) should be converted to a motion for summary judgment and disposed of as provided in Civ.R. 52,  and all parties given reasonable opportunity to present all materials made pertinent by such a motion.  Civ.R. 12(B); *Walker v. Nationwide Mut. Ins. Co.*, 10th Dist. No. 15AP-520, 2015-Ohio-5371.  ODRC's motion to dismiss was not affected by Martin's request for discovery.

{¶ 8}   The first assignment of error is overruled.

{¶ 9}   Because Ohio is a notice pleading state, a plaintiff is not required to plead all of the elements of a cause of action.  A complaint need only contain "a short and plain statement of the claim showing that the party is entitled to relief, and a demand for judgment for the relief to which the party claims to be entitled."   Civ.R. 8(A).  Consequently, "as long as there is a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss." *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 145 (1991).

{¶ 10} Here, appellant's complaint alleges that appellee breached its duty to appellant and that the breach caused him physical injury entitling him to damages.  Appellant is not required to plead all the elements necessary to prove a breach of the state's custodial duties owed to him as an inmate.  Therefore, appellant was not required to plead actual or constructive notice of an impending attack against appellant by another inmate.

{¶ 11} Nevertheless, appellant did plead facts that suggested the state had at least constructive knowledge of an impending attack against appellant. Appellant alleged that the state was aware that golf putters could be used as weapons by inmates and that prison officials gave the attacker information about appellant (that he was a snitch), which motivated the attack.

{¶ 12} The second assignment of error is sustained.

{¶ 13} In summary, the second assignment of error is sustained and the first and third assignments of error are overruled. The judgment of the Court of Claims of Ohio is affirmed in part and reversed in part and the case is remanded for further proceedings.

*Judgment affirmed in part, reversed in part;*
*remanded for further proceedings.*

KLATT and BRUNNER, JJ., concur.