[Cite as *State ex rel. Mobley v. O'Donnell*, 2020-Ohio-251.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel. Alphonso Mobley, Jr., | : | |
| Relator, | : | |
| v. | : | No. 19AP-370 |
| Franklin County Common Pleas Judge Colleen O'Donnell et al., | : | (REGULAR CALENDAR) |
| | : | |
| Respondents. | : | |
| | : | |

D E C I S I O N

Rendered on January 28, 2020

**On brief:** *Alphonso Mobley, Jr.,* pro se.

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Bryan B. Lee,* for respondents.

IN PROHIBITION AND MANDAMUS
ON RELATOR'S OBJECTIONS TO MAGISTRATE'S DECISION

BRUNNER, J.

{¶ 1} Relator, Alphonso Mobley, Jr., has commenced this original action seeking two extraordinary writs. He seeks a writ of prohibition to prevent the continued exercise of judicial authority by respondent the Honorable Colleen O'Donnell, a judge of the Franklin County Court of Common Pleas, based on an alleged defect in the judge's oath of office on file with the clerk of courts for the term commencing January 7, 2017. Mobley also seeks a writ of mandamus to compel respondent the Honorable Maryellen O'Shaughnessy, the Clerk of the Franklin County Court of Common Pleas, to certify to the governor of Ohio that the seat held by Judge O'Donnell is vacant. Both elected officials are collectively referred to in this decision as "respondents." Mobley further demands that the sentence Judge O'Donnell imposed in his criminal case be vacated and remanded to the trial court for

unspecified further proceedings. For the reasons that follow, we adopt the magistrate's decision granting respondents' motion to dismiss and denying both of the requested writs.

## I.  FACTS AND PROCEDURAL BACKGROUND

{¶ 2}  On June 6, 2019, Mobley[1] commenced this original action claiming that Judge O'Donnell's judicial oath of office, filed with Clerk O'Shaughnessy's office on December 28, 2016, contained an error that rendered the entire oath meaningless. The oath contained a certification by Judge Charles A. Schneider that he had administered the oath of office to Judge O'Donnell "for a term of office beginning January 7, 2017 and ending January 6, 2022," when in fact her terms ends on January 6, 2023. (Ex. A, attached to Mobley's Compl.) Mobley contends that Judge O'Donnell's oath is invalid and that, therefore, Judge O'Donnell was acting without judicial authority. He further claims that Clerk O'Shaughnessy failed to certify a vacancy in judicial office to the governor.

{¶ 3}  Mobley seeks three outcomes through the instant action. First, he requests a writ of prohibition to prevent Judge O'Donnell's continued exercise of judicial authority based on the incorrect term ending date in the judge's oath of office on file with the clerk of court for the term commencing January 7, 2017 and ending January 6, 2023. Second, he seeks a writ of mandamus to compel Clerk O'Shaughnessy to certify to the governor of Ohio that the seat held by Judge O'Donnell is vacant. Finally, he demands that the sentence Judge O'Donnell imposed in his criminal case be vacated and remanded to the trial court for unspecified further proceedings. On June 27, 2019, Mobley filed a motion to supplement his complaint and correct a clerical error. On July 2, 2019, a magistrate of this Court issued an order granting Mobley's corrective motion with the motion to supplement and the original complaint, taken together, constituting an amended complaint.

{¶ 4}  On July 1, 2019, respondents filed a motion to dismiss the complaint, arguing that Mobley had failed to state a claim on which relief may be granted pursuant to Civ.R. 12(B)(6) and that Mobley had adequate remedies in the ordinary course of the law. On July 10, 2019, respondents filed a second motion to dismiss the amended complaint asserting anew that Mobley had failed to state a claim on which relief may be granted

---

[1] Mobley entered a guilty plea before Judge O'Donnell in the underlying criminal case, Franklin C.P. No. 16CR-2061. On May 1, 2017, Judge O'Donnell sentenced Mobley on the criminal matter.

pursuant to Civ.R. 12(B)(6) and that Mobley had adequate remedies in the ordinary course of the law.

{¶ 5}   On July 2, 2019, Judge O'Donnell filed an entry with the clerk's office, under the same filing number as her initial oath of office, noting the correct dates for her term of office and the clerical error in her oath as originally filed.

{¶ 6}   This Court referred Mobley's complaint to a magistrate according to Civ.R. 53(C) and Loc.R. 13(M) of the Tenth District Court of Appeals.  On August 28, 2019, the magistrate issued a decision, which is attached to this decision and which includes findings of facts and conclusions of law in granting respondents' motion to dismiss.  The magistrate's decision first sets forth a discussion of the law governing actions in prohibition.  The magistrate found that Mobley is not entitled to the writ as a matter of law and, therefore, granted respondents' motion to dismiss Mobley's action in prohibition.  The magistrate's decision next addresses Mobley's action for a writ of mandamus against Clerk O'Shaughnessy.  The magistrate, having already determined that granting the requested writ of prohibition was not appropriate in this matter, further concluded that the requested writ of mandamus to compel Clerk O'Shaughnessy to declare a vacancy in O'Donnell's judicial office must also be denied.

{¶ 7}   Finally, the magistrate determined that Mobley's request to have his conviction vacated is not a permissible object for either of the writs sought[2] and, therefore, denied the request.

{¶ 8}   The magistrate recommended that this Court dismiss Mobley's complaint for failure to state a claim pursuant to Civ.R. 12(B)(6) and for failure to state a claim for which relief could be granted through an action  for an extraordinary writ.

{¶ 9}   Mobley filed objections to the magistrate's decision.

## II. OBJECTIONS

{¶ 10}  Mobley presents six objections to the magistrate's decision:

> 1. Failure of the magistrate to consider properly the three
> prongs established by the Supreme court for issuance of a writ

---

[2] This Court takes note of the scrivener errors on page 6 of the magistrate's decision, where "procedendo" appears in place of "prohibition" in two places. We find these to be harmless errors, given that there is no request pending in this matter for a writ of procedendo, and the magistrate's decision discusses throughout the law and facts relevant to the requested writ of prohibition, in addition to the requested writ of mandamus.

of prohibition, State ex rel. Tollis v. Court of Appeals, 40 Ohio st. 3d 145, 147 532 N.E.2d 727, 729;

2. Objecting to the determination of facts omitting the request for injunctive relief filed on 8/19/2019, where prohibition may not be appropriate. Also objecting to the Magistrate's failure to consider the request for Mandatory/reparative injunctive relief"; At page 4-5

3. Objecting the determination that the term which respondent swore an oath to serve, averred in the certificate of oath is a scrivener's or clerical error. At page 4 of Magistrates Decision

4. Objecting the conclusion of law implicating that the error in the certificate of oath is merely a technical defect in statutory authority. At page 5 of Magistrates Decision

5. Objecting to the conclusion of law that "because magistrate finds no grounds to grant a writ of prohibition, the requested writ of mandamus to compel respondent MaryEllen O'Shaughnessy, Clerk of the Franklin County Common Pleas, to certify a judicial vacancy pursuant to 3.23 must be denied." Page 6 of Magistrates decision

6. Objecting to the conclusion of law/finding of fact that Relator seeks writ of prohibition/mandamus to "avoid or vacate a prior action taken by Judge O'Donnell" page 4 &6 of magistrates decision

(Sic passim.)

## III.  LAW AND DISCUSSION

{¶ 11}  Mobley's objections raise the same facts and legal issues that were presented to, and considered by, our magistrate.

{¶ 12}  To be entitled to relief in prohibition, a relator must establish that (1) the respondent, judge, tribunal, or administrative body is about to exercise judicial or quasi-judicial power, (2) the exercise of that power is unauthorized by law, and (3) denying the writ will result in an injury for which no other adequate remedy exists in the ordinary course of law. *State ex rel. Thurn v. Cuyahoga Cty. Bd. of Elections*, 72 Ohio St.3d 289 (1995).

{¶ 13}  Mobley argues that our magistrate ignored the holding of *State ex rel. Tollis v. Court of Appeals for Cuyahoga Cty.*, 40 Ohio St.3d 145 (1988).  We find Mobley's argument unpersuasive.  First, the *Tollis* decision sets forth the same three-pronged test our magistrate applied in his decision.  *Id.* at 147.  Second, the *Tollis* Court reviewed an

appellate court's refusal to dismiss a preliminary injunction appeal, which signified that the appellate court "[was] *about to* exercise judicial power." (Emphasis added.) *Id.* Third, the question presented to the *Tollis* Court was whether the preliminary injunction at issue in that case was a final appealable order such as whether it was ripe for appellate review. *Id.* at 148.

{¶ 14} Our magistrate correctly stated the law on writs of prohibition and properly applied that law to the facts at issue in his decision. An action in prohibition is forward-looking, preventing an as-yet-unperformed act from being performed. As our magistrate discussed, Mobley seeks to have the writ applied retroactively, in contravention of the law, in light of his request to have his sentence commuted or nullified. We agree with our magistrate's determination that Mobley has not established that he is entitled to relief in prohibition. Moreover, as to an act about to be performed by Judge O'Donnell, he has no standing as her sentencing is complete as to his criminal conduct. *See State v. Hackney*, 10th Dist. No. 13AP-432, 2014-Ohio-1743, ¶ 7.

{¶ 15} To be entitled to relief in mandamus, a relator must demonstrate (1) a clear legal right to the relief prayed for, (2) respondents are under a clear legal duty to perform the acts requested, and (3) relator has no plain and adequate remedy in the ordinary course of law. *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28, 29 (1983); *PNP, Inc. v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 13AP-36, 2013-Ohio-4344. "Mandamus is an extraordinary remedy which is to be exercised with caution and issued only when the right is clear." *Id.* at ¶ 13, citing *State ex rel. Rittner v. Bumb*, 6th Dist. No. F-07-017, 2007-Ohio-5319, ¶ 16.

{¶ 16} Our magistrate in his decision correctly stated the law regarding writs of mandamus. While we do not agree as a matter of law that failure to obtain a writ of prohibition necessarily dictates the outcome in a related mandamus action, a simple mandamus analysis shows he is not entitled to the writ. Mobley does not provide, and we cannot find, any legal support for his belief that Clerk O'Shaughnessy has a clear legal duty to certify a vacancy in Judge O'Donnell's judicial seat to the governor of Ohio. As of July 2, 2019, there exists no anomaly with Judge O'Donnell's filed and certified oath of office and, therefore Clerk O'Shaughnessy has no clear duty to take action relating to that judicial office. *See, e.g., McCain v. Huffman*, 151 Ohio St.3d 611, 2017-Ohio-9241. Based on our

independent review of the record, we find Mobley has not established that he is entitled to relief in mandamus.  Thus, while we acknowledge Mobley's fifth objection and modify the magistrate's conclusions of law accordingly to clarify that denial of a requested writ of prohibition does not always require denying an accompanying request for a writ of mandamus, he is not entitled to mandamus in this matter.

{¶ 17}  Mobley's objections to the magistrate's decision are overruled.

## IV.  CONCLUSION

{¶ 18}  Having modified the legal conclusions in the magistrate's decision by with regard to Mobley's fifth objection, we adopt the remainder of the magistrate's decision as our own, but we exclude and correct the scrivener errors previously identified.  Having conducted an independent review of the record, the applicable law, our magistrate's decision, Mobley's objections, and our clarification of the magistrate's decision as discussed herein, we overrule all of Mobley's objections and grant respondents' motion to dismiss. Accordingly, we dismiss Mobley's complaint for writs of prohibition and mandamus. Additionally, we deny Mobley's request to vacate his criminal conviction and to remand the matter to the trial court.

*Motion to dismiss granted;*
*application for writs of prohibition and mandamus dismissed.*

BEATTY BLUNT and NELSON, JJ., concur.

_____

<u>APPENDIX</u>

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel. Alphonso Mobley, Jr., | : | |
| Relator, | : | |
| v. | : | No. 19AP-370 |
| Colleen O'Donnell, Franklin County Common Pleas Judge et al., | : | (REGULAR CALENDAR) |
| | : | |
| Respondents. | : | |
| | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on August 28, 2019

*Alphonso Mobley, Jr.,* pro se.

*Ron O'Brien,* Prosecuting Attorney, and *Bryan B. Lee*, for respondents.

IN PROHIBITION AND MANDAMUS
ON RESPONDENTS' MOTION TO DISMISS

**{¶ 19}** Relator, Alphonso Mobley, Jr., seeks a writ of prohibition to prevent the continued exercise of judicial authority by respondent, the Honorable Colleen O'Donnell, judge of the Franklin County Court of Common Pleas, General Division, based upon alleged defects in the judge's sworn oath of office on file with the clerk of court. Relator also seeks a writ of mandamus to compel respondent, Maryellen O'Shaughnessy, the Clerk of the Franklin County Court of Common Pleas, to certify to the governor of the state of Ohio that the seat held by Judge O'Donnell is vacant. Relator also demands the sentence in his criminal case, which was imposed by Judge O'Donnell, be vacated and remanded to the trial court for unspecified further proceedings.

Findings of Fact:

{¶ 20}  1.  Relator pleaded guilty before Judge O'Donnell to one count of aggravated arson and one count of criminal use of an explosive device in Franklin C.P. No. 16CR-2061.

{¶ 21}  2.  Judge O'Donnell held a sentencing hearing on May 1, 2017 and imposed an aggregate sentence of 14 years incarceration.

{¶ 22}  3. Judge O'Donnell was appointed effective May 20, 2013 to fill the unexpired term of a retired judge, retained the seat by election on November 4, 2014, and was re-elected to a full six-year term on November 8, 2016.

{¶ 23}  4. R.C. 3.23 provides that judges shall take and file an oath of office before assuming their duties:

> Except for justices of the Supreme Court as provided in section 2701.05 of the Revised Code, each judge of a court of record shall take the oath of office on or before the first day of the judge's official term. The judge shall transmit a certificate of oath, signed by the person administering the oath, to the clerk of the respective court and shall transmit a copy of the certificate of oath to the Supreme Court. The certificate of oath shall state the term of office for that judge, including the beginning and ending dates of that term. If the certificate of oath is not transmitted to the clerk of the court within twenty days from the first day of the judge's official term, the judge is deemed to have refused to accept the office, and that office shall be considered vacant. The clerk of the court forthwith shall certify that fact to the governor and the governor shall fill the vacancy.

{¶ 24}  5. Reflecting her November 8, 2016 re-election, on December 28, 2016, Judge O'Donnell filed with the clerk a judicial oath of office dated December 21, 2016, containing a certification from the administering judge, Judge Charles A. Schneider, that he had administered the oath of office to Judge O'Donnell "for a term of office beginning January 7, 2017 and ending January 6, 2022."  (Relator's Complaint, exh. A.)

{¶ 25}  6. The term of office to which Judge O'Donnell was elected commences on January 7, 2017, and ends January 6, 2023, for a term of six years, rather than five as expressed in her oath of office as initially filed. R.C. 2301.02(B).

{¶ 26}  7. Judge O'Donnell filed an entry with the clerk on July 2, 2019, under the same filing number as her initial oath of office, noting the correct dates for her term and the clerical error in her oath as filed.

{¶ 27}  8. Relator filed his complaint for a writ of prohibition and a writ of mandamus on June 6, 2019.

{¶ 28}  9.  Relator filed a "Motion to Supplement" his complaint on June 27, 2019 to add references to case law inadvertently omitted from his original complaint.

{¶ 29}  10. On July 1, 2019, respondents filed their motion to dismiss relator's complaint for failure to state a claim.

{¶ 30}  11.  On July 2, 2019, the magistrate entered an order granting relator's motion to supplement his prior complaint to the extent that this pleading would be treated as a motion to file an amended complaint, with the motion to supplement and original complaint together constituting the amended complaint.

{¶ 31}  12.  On July 9, 2019, relator filed a memorandum contra respondents' motion to dismiss.

{¶ 32}  13. On July 10, 2019, respondents filed their motion to dismiss relator's amended complaint.

{¶ 33}  14. On July 18, 2019, relator filed a memorandum contra the renewed motion to dismiss.

{¶ 34}  15. On July 24, 2019, respondents filed their reply memorandum in further support of their motion to dismiss for failure to state a claim.

{¶ 35}  16.  On August 1, 2019, relator filed a "Request for Judicial Notice" containing further argument in opposition to the motion to dismiss.

Discussion and Conclusions of Law:

{¶ 36} The matter is before the magistrate on respondents' motion to dismiss relator's complaint. A Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted "is procedural and tests the sufficiency of the complaint." *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548 (1992), citing *Assn. for the Defense of the Washington Local School Dist. v. Kiger*, 42 Ohio St.3d 116, 117 (1989). A court must presume all factual allegations contained in the complaint to be true and must make all reasonable inferences in favor of the nonmoving party. *Jones v. Greyhound Lines,*

*Inc.*, 10th Dist. No. 11AP-518, 2012-Ohio-4409, ¶ 31, citing *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190 (1988). "[A]s long as there is a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss." *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 145 (1991). The court need not, however, accept as true any unsupported and conclusory legal propositions advanced in the complaint. *Morrow v. Reminger & Reminger Co. L.P.A.*, 183 Ohio App.3d 40, 2009-Ohio-2665, ¶ 7 (10th Dist.).

{¶ 37} Prohibition is an extraordinary writ issuing from a court of superior jurisdiction and directed to an inferior tribunal, commanding the lower court to cease abusing or usurping judicial functions. *State ex rel. Jones v. Suster,* 84 Ohio St.3d 70 (1998). As such, the writ of prohibition tests the subject-matter jurisdiction of the lower court and will issue only in cases of necessity arising from the inadequacy of other remedies. *Id.* In order to obtain a writ of prohibition, the relator must establish that (1) the respondent, judge, tribunal, or administrative body is about to exercise judicial or quasi-judicial power, (2) the exercise of that power is unauthorized by law, and (3) denying the writ will result in an injury for which no other adequate remedy exists in the ordinary course of the law. *State ex rel. Thurn v. Cuyahoga Cty. Bd. of Elections,* 72 Ohio St.3d 289 (1995). Prohibition will not lie to limit or prohibit the exercise of discretion by a court having jurisdiction over the subject matter and the parties before it, and is not a remedy intended to correct or anticipate mistakes by a lower court in deciding questions that are within its jurisdiction. *State ex rel. Sparto v. Juvenile Court of Darke Cty.,* 153 Ohio St. 64 (1950).

{¶ 38} The magistrate finds that relator's complaint in the present case fails to state a claim for a writ of prohibition and must be dismissed.

{¶ 39} The first basis for dismissal is that relator seeks a writ of prohibition in order to avoid or vacate a prior action taken by Judge O'Donnell. The writ of prohibition is preventive, rather than corrective after the fact. It may not be used to correct alleged errors already entered by the respondent court, judge, or administrative tribunal. *State ex rel. Celebrezze v. Court of Common Pleas,* 60 Ohio St.2d 188 (1979); *State ex rel. LTV Steel Co. v. Gwin,* 64 Ohio St.3d 245, 248-49 (1992).

{¶ 40} The second basis for dismissal is that relator's complaint, taking all facts and allegations therein as true, does not demonstrate that Judge O'Donnell patently and

unambiguously lacks jurisdiction over relator's case, assuming that Judge O'Donnell were poised to act in the matter. Relator's complaint alleges, and Judge O'Donnell's pleadings do not deny, that a scrivener's error in Judge O'Donnell's oath of office filed after the 2016 election contains a scrivener's error that omits the final year of her duly-elected term of office. Where a judge holds office and performs judicial duties with the acquiescence of the public and authorities, and is dealt with as such by all persons and institutions concerned, the judge acts as a de facto judge, and a judgment issued under such circumstances "is not void by virtue of an irregularity in the appointment of the judge who rendered judgment." *Williams v. Banner Buick, Inc.,* 60 Ohio App.3d 128, 134 (12th Dist.1989), citing *Demereaux v. State,* 35 Ohio App. 418 (4th Dist.1930). Under such circumstances, with a colorable appointment to office, a *de facto* judge is clothed with the power and authority of a de jure judge. *Huffman v. Huffman,* 10th Dist. No. 02AP-698, 2002-Ohio-6031, ¶ 35; *see generally*, *Nguyen v. United States,* 539 U.S. 69, 77 (2003) (A judge's actions are "valid *de facto* when there is a 'merely technical' defect of statutory authority.").

{¶ 41} Although the parties have not furnished, and the magistrate's independent research has not uncovered, an Ohio case directly on point regarding defects in a judge's oath of office, authority from several other jurisdictions holds that a scrivener's error in an oath or certificate required to hold judicial office does not render void the acts of the officer concerned: "An alleged defect in the oath of a public officer does not impair the validity of his or her acts. * * * This is to protect the rights of third persons if an officer has acted without compliance with the [appointment] statute." (Citations omitted.) *Winkler v. Pfau,* S.Ct. of New York, New York County, No. 115014-09, 2009 N.Y. Misc. LEXIS 4307. (Judge's oath of office misdated to show that he was sworn into office two years after commencement date of his term of office.). *See also People v. Smith,* Cal. App. No. B226040, 2011 Cal. App. Lexis 5080 (Jul. 6, 2011); *People v. Stanley*, 170 P.3d 782, 794 (Col.App.2007).

{¶ 42} For both these reasons, the writ of prohibition will not lie on the face of the complaint, and the motion to dismiss is granted.

{¶ 43} With respect to relator's action for a writ of mandamus, it is settled law that in order for a writ of mandamus to issue, relator must demonstrate that (1) he has a clear legal right to the relief prayed for, (2) respondents are under a clear legal duty to perform the acts requested, and (3) relator has no plain and adequate remedy in the ordinary course

of the law. *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28, 29 (1983). Because the magistrate finds no grounds to grant a writ of prohibition, the requested writ of mandamus to compel respondent Maryellen O'Shaughnessy, Clerk of the Franklin County Court of Common Pleas, to certify a judicial vacancy pursuant to R.C. 3.23 must be denied. Relator's request to have his conviction vacated, which is not a permissible object for a writ of mandamus or procedendo, is also denied.

{¶ 44}  It is therefore the magistrate's decision that this court should dismiss relator's complaint for failure to state a claim pursuant to Civ.R. 12(B)(6) for failure to state a claim in mandamus or procedendo.  All other pending motions are denied.

/S/ MAGISTRATE
MARTIN L. DAVIS

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).