[Cite as *Mobley v. Supreme Court of Ohio*, 2021-Ohio-391.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Alphonso D. Mobley et al., | : | |
| Plaintiffs-Appellants, | : | No. 20AP-292 |
| | | (Ct. Cl. No. 2020-00126JD) |
| v. | : | |
| Supreme Court of Ohio, | | (ACCELERATED CALENDAR) |
| | : | |
| Defendant-Appellee. | : | |
| | : | |

D E C I S I O N

Rendered on February 11, 2021

**On brief:** *Alphonso D. Mobley, Jr.* and *Tyrice Hill*, pro se.

**On brief:** *Dave Yost,* Ohio Attorney General and *Michelle C. Brizes*, for appellee.

APPEAL from the Ohio Court of Claims

BEATTY BLUNT, J.

{¶ 1} Plaintiffs-appellants, Alphonso D. Mobley, Jr. and Tyrice Hill, appeal the judgment of the Court of Claims of Ohio dismissing their lawsuits against defendant-appellee, the Supreme Court of Ohio.

{¶ 2} Mobley and Hill filed the underlying complaint in the Court of Claims on February 20, 2020. The complaint is somewhat muddled, but essentially asserts claims in negligence and use of a sham legal process, and requests both a declaration that the Supreme Court acted in bad faith when it dismissed their habeas corpus petitions and denied their motions for reconsideration, as well as a declaration that the decisions on those petitions were "rendered without reasons therefore" are "void, invalid, and not final" and violate "section 2921.52 of the revised code * * *." (Compl. at 6).

{¶ 3} Mobley and Hill's complaint observes that Ohio Constitution Article IV Section 2(C) states that "[t]he decisions in all cases in the supreme court shall be reported,

No. 20AP-292

together with the reasons therefor." In accordance with its normal practice upon review of such petitions, when it determined the petitions were procedurally defective or otherwise meritless the Supreme Court dismissed the habeas corpus petitions filed by Mobley and Hill with brief entries and without discussion of the rationales underlying those dismissals. *Compare* Compl. Ex A and G *with* Ohio Sup.Ct.Prac.R. 12.04(C) ("After the time for filing an answer to the complaint or a motion to dismiss, the Supreme Court will dismiss the case; issue an alternative or peremptory writ, if a writ has not already been issued; or deny the request for the writ."). *See also*, *e.g.*, *Polley v. Collins*, 160 Ohio St.3d 1446, 2020-Ohio-5169, (*dismissing petition for habeas corpus in* 2020-1140). Mobley and Hill's complaint contended that because the entries dismissing their habeas corpus petitions do not include the "reasons therefor" mentioned in the state constitution that the entries are void, and further asserted that the decisions of the court therefore constitute both negligence and a sham legal process.

{¶ 4} On March 18, 2020, the Supreme Court filed a motion to dismiss Mobley and Hill's complaint, arguing pursuant to Civ.R. 12(B) that the Court of Claims lacked jurisdiction over the cause and that Mobley and Hill had failed to state a claim upon which relief could be granted. (Mot. to Dismiss at 2.) The motion observed that the Court of Claims lacks jurisdictional authority to adjudicate constitutional claims, *see*, *e.g., Hamilton v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 06AP-916, 2007-Ohio-1173, ¶ 14, and that Mobley and Hill's claims against the Supreme Court were barred as a result of judicial immunity, *see*, *e.g., Howard v. Supreme Ct. of Ohio*, 10th Dist. 04AP-1093, 2005-Ohio-2130, as the complaint "does not allege that any justice of the Supreme Court took any action they do not normally perform or that the Plaintiffs dealt with the Supreme Court in any an [sic] extra-judicial capacity." (Mot. to Dismiss at 4.)

{¶ 5} On April 29, 2020, the Court of Claims granted the Supreme Court's motion and dismissed the case. The court observed that its limited jurisdiction under statute " 'does not include the right to adjudicate claims based upon provisions of the Ohio and United States Constitutions,' " *id.* at 2, *quoting Martin v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 16AP-585, 2017-Ohio-1124, ¶ 5, and held that insofar as Mobley and Hill's claims asserted constitutional violations, they must be dismissed pursuant to Civ.R. 12(B)(1) for lack of jurisdiction. The court further concluded that insofar as the claims alleged violations

No. 20AP-292

of criminal statutes, including their claim for use of a sham legal process under R.C. 2921.52, it lacked jurisdiction to consider them. *Id.*, citing *Evans v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 18AP-713, 2019-Ohio-3788, ¶ 12. Finally, the court held that Mobley and Hill's claims by their very nature were claims that the Supreme Court of Ohio had injured them in the regular performance of its duties, and that therefore they were barred by judicial immunity as set forth in *Howard*. The court quoted *Voll v. Steele*, 141 Ohio St. 293, 301 (1943), and observed that "[n]o civil action can be maintained against a judicial officer for the recovery of damages by one claiming to have been injured by his judicial action within his jurisdiction." *Id.* The court concluded that "[i]n the end, plaintiffs have asserted claims against the Ohio Supreme Court based on its fulfillment of basic duties relative to its role as Ohio's highest court." (April 9, 2020 Entry of Dismissal at 3.) Accordingly, the court held that Mobley and Hill had failed to state an actionable claim and dismissed their complaint pursuant to Civ.R. 12(B)(6). *Id.*

{¶ 6} This timely appeal followed. Mobley and Hill now assert two assignments of error with the Court of Claims' judgment, and for ease of review, we will address them together.

> [I]. The trial court abused its discretion when it dismissed Plaintiffs' claim of negligence against the State of Ohio determining it retained its immunity.

> [II]. The trial court abused its discretion when it dismissed Plaintiffs' Use of Sham Legal Process claim against the Justices of the Ohio Supreme Court; and erred as a matter of law when it failed to determine the civil liability of the justices of the Supreme Court pursuant to section 9.86 and 2743.02(F) of the Revised Code.

{¶ 7} In their first assignment of error, Mobley and Hill assert that the Court of Claims wrongly held that the Supreme Court acted with judicial immunity, and in in their second assignment of error they argue that the trial court improperly held that the Court of Claims lacked jurisdiction over their claims under R.C. 9.86 and 2743.02.

{¶ 8} Civ.R. 12(B)(1) authorizes the filing of a motion to dismiss a complaint based upon "lack of jurisdiction over the subject matter," and Civ.R. 12(B)(6) authorizes the filing of such a motion for "failure to state a claim upon which relief can be granted."

> A motion to dismiss for failure to state a claim under Civ.R. 12(B)(6) tests the sufficiency of the complaint. Accepting all

factual allegations of the complaint as true and making all reasonable inferences in favor of the non-moving party, the court must determine only whether the allegations of the complaint are legally sufficient to state a claim. In order for a court to dismiss plaintiff's complaint, it must appear beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief. Under Civ.R. 12(B)(1), the question is whether plaintiff alleges any cause of action the court has authority to decide.

(Internal citations omitted.) *Howard* at ¶ 7. In reviewing the decision of the trial court to dismiss, we note that Mobley and Hill have misstated our standard of review on appeal, and have ironically suggested that the Court of Claims is due more deference than the law requires. We do not review this case for an abuse of the trial court's discretion; rather, this court's standard of review over trial court decisions on Civ.R. 12(B)(1) and 12(B)(6) rulings is de novo. *Id.* at ¶ 6, citing *Kramer v. Installations Unlimited, Inc.*, 147 Ohio App.3d 350, 2002-Ohio-1844 (5th Dist.2002). "We review the grant of the motion to dismiss afresh, again taking the factual allegations of the complaint as true and drawing all reasonable inferences in favor of [the plaintiff]." *Habibi v. Univ. of Toledo*, 10th Dist. No. 19AP-583, 2020-Ohio-766, ¶ 10.

{¶ 9} R.C. 2743.02(F) is the state's Court of Claims limited waiver of immunity and jurisdictional statute, and provides:

A civil action against an officer or employee, as defined in section 109.36 of the Revised Code, that alleges that the officer's or employee's conduct was *manifestly outside the scope of the officer's or employee's employment or official responsibilities, or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner* shall first be filed against the state in the court of claims that has *exclusive, original jurisdiction to determine, initially, whether the officer or employee is entitled to personal immunity under section 9.86 of the Revised Code and whether the courts of common pleas have jurisdiction over the civil action.* The officer or employee may participate in the immunity determination proceeding before the court of claims to determine whether the officer or employee is entitled to personal immunity under section 9.86 of the Revised Code.

{¶ 10} R.C. 9.86 is the state's general immunity statute, and provides, in pertinent part:

No. 20AP-292

> [N]o officer or employee shall be liable in any civil action that arises under the law of this state for damage or injury caused in the performance of his duties, unless the officer's or employee's actions were manifestly outside the scope of his employment or official responsibilities, or unless the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner. This section does not eliminate, limit, or reduce any immunity from civil liability that is conferred upon an officer or employee by any other provision of the Revised Code or by case law.

Finally, in relation to judicial immunity, this Court has held:

> A judge is exempt from civil liability for actions taken in his or her judicial capacity. Judicial immunity applies not only to judges personally, but extends to courts and the state itself in its judicial functions. Ohio law is clear that a plaintiff claiming to have been injured by judicial action within the scope of the judge's jurisdiction has no civil action against the judge for recovery of damages. Nor is a judge liable for actions taken within the judge's discretion. Indeed, a judge is immune for actions taken within the judge's official capacity even if those actions were in error, in excess of authority, or malicious.
>
> Factors to consider in determining whether a judge's act is judicial include (1) the nature of the act itself, and whether it is a function normally performed by a judge, and (2) the expectation of the parties, and whether he or she dealt with the judge in his or her judicial capacity. A judicial function thus includes interpreting the law in matters over which the judge has jurisdiction. *A judge will be liable only if (1) the judge acted in a clear absence of all jurisdiction, or (2) the action at issue was not judicial in nature, meaning not normally performed by a judge.* The inquiry focuses on the nature of the act, and not on whether the act was proper.

(Internal citations omitted, emphasis added.) *Howard* at ¶ 12-13.

{¶ 11} Upon review of this law, it should be clear that Mobley and Hill's claims fail and the decision of the Court of Claims dismissing their complaint should be affirmed. As noted by the Court of Claims, insofar as their claim is that the Supreme Court of Ohio acted unconstitutionally by failing to provide the "reasons therefor" its decision to dismiss their petitions for habeas corpus, it arises from an alleged constitutional violation and requires constitutional interpretation—it is accordingly outside the subject-matter jurisdiction of

No. 20AP-292

the Court of Claims to determine. (Entry of Dismissal at 2.) *See also Martin v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 16AP-585, 2017-Ohio-1124, ¶ 5. Moreover, the actions Mobley and Hill allege harmed them—the dismissal of their habeas corpus petitions—are judicial in nature and are routinely performed by the Supreme Court and other courts of a similar nature. Dismissal of such petitions are quintessentially judicial actions, and the Supreme Court is immune from suit for such actions under *Voll* and *Howard.* For these reasons, the claims asserted by Mobley and Hill cannot survive the state's motion to dismiss pursuant to Civ.R. 12(B)(1) and 12(B)(6). The trial court's analysis and dismissal of their complaint was accordingly correct.

{¶ 12} Mobley and Hill's two assignments of error are accordingly overruled, and the decision of the Ohio Court of Claims dismissing their complaint is affirmed.

*Judgment affirmed.*

DORRIAN, P.J., and LUPER SCHUSTER, J., concur.

———————