[Cite as *Mobley v. O'Donnell*, 2022-Ohio-908.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Alphonso D. Mobley, Jr.,                          :

      Plaintiff-Appellant,                    :                    No. 21AP-343
(C.P.C. No. 21CV-1363)

v.                                                :

                                       (ACCELERATED CALENDAR)

Judge Colleen O'Donnell et al.,                   :

      Defendants-Appellees.                   :

---

D E C I S I O N

Rendered on March 22, 2022

---

**On brief:** *Alphonso D. Mobley, Jr.*, pro se.

**On brief:** *G. Gary Tyack*, Prosecuting Attorney, and *Bryan B. Lee*, for appellees.

---

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, P.J.

{¶ 1} Plaintiff-appellant, Alphonso D. Mobley, Jr., appeals from a judgment of the Franklin County Court of Common Pleas dismissing Mobley's action against defendants-appellees, Franklin County Court of Common Pleas Judge Colleen O'Donnell and former Franklin County Prosecuting Attorney Ron O'Brien. For the following reasons, we affirm.

## I. Facts and Procedural History

{¶ 2} This matter relates to Mobley's conviction and sentence in Franklin C.P. No. 16CR-2061. In that case, Mobley pleaded guilty to aggravated arson with a firearm specification and criminal use of an explosive device, and the trial court sentenced Mobley to the jointly recommended 14 years in prison. *State v. Mobley*, 10th Dist. No. 18AP-23, 2018-Ohio-3880. Mobley did not timely appeal the judgment of conviction and sentence. *Id.* Over one year later, Mobley requested leave to file a delayed appeal, which this court

denied because he did not present a reasonable explanation for the delay. *State v. Mobley*, 10th Dist. No. 18AP-539 (Oct. 25, 2018) (memorandum decision).

{¶ 3} Since the filing of the judgment of conviction and sentence, Mobley has engaged in frequent, but unavailing, litigation concerning that judgment, including filing multiple motions to withdraw his guilty plea and lawsuits against the judge who presided over his case, Judge O'Donnell, and the case's prosecutor, O'Brien. *See State ex rel. Mobley v. O'Donnell*, 10th Dist. No. 20AP-193, 2021-Ohio-715 (denying Mobley's requests for writs of mandamus and procedendo ordering Judge O'Donnell to issue a final judgment concerning his motion to set aside his conviction and sentence); *State v. Mobley*, 10th Dist. No. 20AP-350, 2021-Ohio-492 (affirming trial court's denial of Mobley's December 2019 motion to withdraw his guilty plea); *Mobley v. Supreme Court of Ohio*, 10th Dist. No. 20AP-292, 2021-Ohio-391 (affirming trial court judgment dismissing Mobley's lawsuit against the Supreme Court of Ohio relating to that court's dismissal of his habeas corpus petition); *Mobley v. O'Donnell*, 10th Dist. No. 19AP-440, 2020-Ohio-469 ("*Mobley* 10th Dist. No. 19AP-440") (affirming dismissal of Mobley's May 2019 action against Judge O'Donnell, O'Brien, an assistant prosecuting attorney, a former assistant prosecuting attorney, and an assistant public defender, seeking a declaration that misconduct by these defendants resulted in breaches of his plea agreement, injunctive relief that would require the trial court to vacate the judgment of conviction and sentence, and monetary relief); *State ex rel. Mobley v. O'Donnell*, 10th Dist. No. 19AP-370, 2020-Ohio-251 (denying Mobley's requested writs for mandamus and prohibition concerning Judge O'Donnell's continued exercise of judicial authority); *State v. Mobley*, 10th Dist. No. 18AP-23, 2018-Ohio-3880 (affirming trial court's denial of Mobley's October 2017 motion to withdraw his guilty plea); *Mobley v. O'Donnell*, S.D.Ohio No. 2:20-cv-3037, 2020 U.S. Dist. LEXIS 224927 (Dec. 1, 2020) (dismissing Mobley's complaint against Judge O'Donnell and O'Brien concerning their respective roles in Mobley's guilty plea proceedings and sentencing); *Mobley v. O'Donnell*, S.D.Ohio No. 2:20-cv-1175, 2020 U.S. Dist. LEXIS 67274 (Apr. 16, 2020) (same).

{¶ 4} On March 4, 2021, Mobley again filed suit against Judge O'Donnell and O'Brien relating to their conduct in connection with his guilty plea and sentence in Franklin C.P. No. 16CR-2061. Judge O'Donnell and O'Brien moved for dismissal pursuant to Civ.R.

12(B)(6) for Mobley's failure to state a claim upon which relief can be granted. In April 2021, Mobley filed an amended complaint concerning his criminal case, naming "State of Ohio" as the sole defendant. In May 2021, Mobley filed a second amended complaint concerning his criminal case, again naming "State of Ohio" as the sole defendant. And in June 2021, Mobley filed a third amended complaint, which was later stricken from the record. Judge O'Donnell and O'Brien opposed Mobley's attempts to amend his complaint, on both procedural and substantive grounds.

{¶ 5} On June 15, 2021, the trial court granted Judge O'Donnell and O'Brien's Civ.R. 12(B)(6) motion to dismiss Mobley's original complaint. The trial court determined that Mobley's first and second amended complaints were not properly filed, and thus could not be considered and that, even if considered, they failed to state a claim upon which relief can be granted. The trial court also ordered that Mobley's third amended complaint be stricken from the record. On June 23, 2021, the trial court entered final judgment dismissing Mobley's action in its entirety, finding that Mobley failed to present a justiciable controversy necessary for declaratory relief, and that Judge O'Donnell and O'Brien were absolutely immune from Mobley's claims.

{¶ 6} Mobley timely appeals.

## II. Assignments of Error

{¶ 7} Mobley assigns the following errors for our review:

[1.] Trial court abused its discretion and/or erred as a matter of law when it determined that: (1) Appellant allegations are essentially only an attack on the validity of his conviction and sentence in his underlying criminal case; and (2) fails to raise the justiciable controversy necessary for a declaratory judgment action.

[2.] The Trial court erred as a matter of law when it determined that Judge Colleen O'Donnell and Ron O'Brien retains absolute immunity.

## III. Discussion

### A. Standard of Review – Civ.R. 12(B)(6)

{¶ 8} Mobley generally challenges the trial court's dismissal of his March 2021 complaint[1] against Judge O'Donnell and O'Brien pursuant to Civ.R. 12(B)(6). Under Civ.R. 12(B)(6), a defendant may move to dismiss a complaint for failure to state a claim upon which relief can be granted. A Civ.R. 12(B)(6) motion to dismiss tests the sufficiency of the complaint. *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 245 (1975). In ruling on a motion to dismiss pursuant to Civ.R. 12(B)(6), the court must construe the complaint in a light most favorable to the plaintiff, presume all factual allegations in the complaint are true, and make all reasonable inferences in favor of the plaintiff. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988). The dismissal of a complaint for failure to state a claim is proper when it appears, beyond doubt, that the plaintiff can prove no set of facts entitling him to relief. *Celeste v. Wiseco Piston*, 151 Ohio App.3d 554, 2003-Ohio-703, ¶ 12 (11th Dist.). When reviewing a decision on a Civ.R. 12(B)(6) motion to dismiss, this court's review standard is de novo. *Foreman v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 14AP-15, 2014-Ohio-2793, ¶ 9.

### B. Analysis

{¶ 9} In his first assignment of error, Mobley contends the trial court erred in finding that his claims against Judge O'Donnell and O'Brien were in substance an attack on the validity of his conviction and therefore his claims did not raise the justiciable controversy necessary for a declaratory judgment action. We disagree.

{¶ 10} The trial court correctly concluded that Mobley's declaratory judgment action against Judge O'Donnell and O'Brien was an improper attempt to collaterally attack his conviction and sentence. Mobley argues that he only sought a determination that his plea agreement was breached, not that his guilty plea was invalid. Indeed, Mobley did request a threshold determination that his plea agreement was breached. But the gravamen of Mobley's complaint against Judge O'Donnell and O'Brien was to seek a declaration that

---

[1] Mobley does not assign as error the trial court's determination that his first and second amended complaints were not properly before it and therefore could not be considered, or the trial court's decision to strike from the record his third amended complaint. Thus, the issue before us is whether the trial court properly dismissed Mobley's original complaint seeking declaratory relief.

they engaged in conduct that invalidated his guilty plea and sentencing. And as this court noted in one of Mobley's prior appeals, a "declaratory judgment action cannot be used to collaterally attack a conviction or sentence." *Mobley* 10th Dist. No. 19AP-440 at ¶ 14. Thus, Mobley's complaint did not present a justiciable controversy capable of resolution by declaratory judgment, and the trial court properly granted the Civ.R. 12(B)(6) motion to dismiss.

{¶ 11} Accordingly, Mobley's first assignment of error is overruled.

{¶ 12} Mobley's second assignment of error alleges the trial court erred in determining Judge O'Donnell and O'Brien have absolute immunity from his claims in this action. Pursuant to our above analysis, we find the trial court properly dismissed Mobley's action. Thus, our disposition of Mobley's first assignment of error renders as moot his second assignment of error.

## IV. Disposition

{¶ 13} Having overruled Mobley's first assignment of error, and finding as moot Mobley's second assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

JAMISON and NELSON, JJ., concur.

NELSON, J., retired, formerly of the Tenth Appellate District,
assigned to active duty under authority of Ohio Constitution,
Article IV, Section 6(C).

———————————